PETER H. EHLERS ET AL., APPELLEES, V. BANKERS FIRE INSURANCE COMPANY, APPELLANT.

FILED JUNE 12, 1922. No. 22013.

Corporations: FRAUD: EQUITY. A court of equity will not permit mere corporate forms to serve as a cloak and a shield to the perpetration of a fraud, but will examine the whole transaction, looking through corporate forms to the substance of things, to protect the rights of innocent parties, or to circumvent fraud.

APPEAL from the district court for Sarpy county: JAMES T. BEGLEY, JUDGE. *Affirmed.*

*Holmes, Chambers & Mann, M. V. Beghtol* and *A. E. Langdon,* for appellant.

*Gaines, Ziegler, Van Orsdel & Gaines, contra.*

Heard before LETTON, DEAN and FLANSBURG, JJ., DAY and GOOD, District Judges.

DAY, District Judge.

This is a suit in equity to rescind the contract of purchase of 400 shares of the capital stock of the Bankers Fire Insurance Company, and to cancel a certain note and mortgage given by Ehlers and his wife to the said company, and to require the defendant to return said note and mortgage, and to release the mortgage from record, for the

reason that the sale was brought about through the fraud of the defendant and its agents.

The decree of the district court found in favor of the plaintiffs and ordered them to surrender to the clerk of the court the certificate for capital stock of the defendant company, and ordered the defendant fire insurance company to deliver to the clerk the note and mortgage securing it, and to pay the costs. The defendant fire insurance company appeals.

The Bankers Fire Insurance Company was organized with an authorized capital stock of $2,000,000, divided into shares with a par value of $10 each. The articles of incorporation were filed with the county clerk of Lancaster county on the 2d day of April, 1919, and on the same day filed with the secretary of state of Nebraska. On the same day the Bankers Brokerage Company was incorporated under the laws of the state of Nebraska. Its incorporators were H. W. Kenyon, Charles Maixner, and M. V. Beghtol, who were also the incorporators of the Bankers Fire Insurance Company. The capital stock of the brokerage company was $5,000, divided into shares of $10 each. The brokerage company stock was transferred to E. R. Kenyon, a brother of H. W. Kenyon, Gus Johnson, and C. E. Sanden, a lawyer occupying an office with M. V. Beghtol, in whose office the articles of incorporation were prepared. Johnson and Sanden owned only a few shares of stock, but E. R. Kenyon was the owner of most of the stock.

Just six days after the organization of these twin corporations the fire insurance company entered into a contract with the brokerage company whereby they sold 150,000 shares of the capital stock at a price of $15 a share, or a total of $2,250,000. The brokerage company, with a capital of $5,000, gave the fire insurance company its note for $2,250,000, and the stock was held as collateral for said indebtedness. In fact, the certificates of stock were never issued until the brokerage company sold them, and then issued directly to the purchaser. The brokerage company

sold said stock for $25 a share,. 60 per cent., or $15, of which went to the fire insurance company, and 40 per cent., or $10, was retained by the brokerage company. The fire insurance company knew the brokerage company was selling the stock for $25 a share, because they delivered the certificates directly, and the notes and mortgages of this plaintiff were assigned to it.

The appellee purchased 400 shares of stock in the bankers Fire Insurance Company on December 5, 1919, and upon the delivery of his note and mortgage in payment thereof was given a receipt, as follows:

"1192.   Chalco, Neb., Dec. 5, 1919.   Received of Peter H. Ehlers the sum of $10,000, as follows: Mortgage $10,-000, running 5 years at 5½, for which the undersigned agrees forthwith.to cause to be issued to him, capital stock in the Bankers Fire Insurance Company in his name to the amount of 400 shares. This stock is fully paid, nonas-sessable.   Bankers   Brokerage   Company,   by   James  C. Snow, Representative."

In this receipt, for the only time in this whole transaction, the name "Bankers Brokerage Company" appears. By this they agreed to "cause to be issued to him capital stock in the Bankers Fire Insurance Company," and that is exactly what was done.   Four days later, on the 9th of December, the Bankers Fire Insurance Company inclosed a certificate for 400 shares of its capital stock with the following letter signed by H. W. Kenyon:

"Bankers Fire Insurance Company, Lincoln, Nebraska, December 9, 1919.. Mr. Peter H. Ehlers, Chalco, Sarpy County, Nebraska.   Re .Certificate No. 471.   Dear Mr. Ehlers:   We are pleased indeed to inclose you herewith above numbered stock certificate for four hundred additional shares of stock.   Please sign the inclosed receipt therefor and mail to us in the inclosed stamped addressed envelope.   Thanking you and trusting that you will call at the Home Office when in the city, we are, Yours very truly, H. W. Kenyon."

This rather detailed statement of the case has been

made because the mere statement of the facts shows that the sole purpose of the organization of the brokerage company was to dispose of the stock of the fire insurance company. Since this stock was not to be issued until sold by the brokerage company, why the brokerage company, if the transaction was not fraudulent? One cannot read the undisputed evidence in this case and reach the conclusion that the sale of the stock by the fire insurance company to the brokerage company was a *bona fide* transaction. It was surrounded by the circumstances which attend the actual underwriting of a block of stock. The simultaneous organization, the identity of interest of the organizers, and all subsequent transactions refute the proposition that the Bankers Fire Insurance Company made a *bona fide* sale of its corporate stock to the Bankers Brokerage Company. A court of equity will not permit mere corporate forms to serve as a cloak and shield to the perpetration of a fraud, but will examine the whole transaction, looking through corporate forms to the substance of things, to protect the rights of innocent parties, or to circumvent fraud. See *McCaskill Co. v. United States,* 216 U. S. 504, and *United States v. Milwaukee Refrigerator Transit Co.,* 142 Fed. 247.

We have examined the evidence in this case, and the sale of stock was induced by fraud and misrepresentation. If there ever is a case where a court of equity should look through the forms to the substance, it is this one, and the conclusion is forced upon us that the Bankers Fire Insurance Company itself practiced the fraud, and that the Bankers Brokerage Company was simply an artificial cloak to escape the penalties which naturally flow from such a fraudulent transaction.

The appellant further contends that the plaintiff was not damaged, and then further in its brief answers that argument by another contention that a return of the certificate of stock would not place the company in *statu quo,* because the stock purchased by the plaintiff for $10,000 only netted the insurance company $6,000, and the plain-

tiff should pay $4,000 more for the cancelation of the note and mortgage. These contentions are not worthy to be dignified by the further consideration of this court. The conclusions of the trial judge are the only ones possible in this case.

AFFIRMED.