CHRISTIAN SCOW, APPELLEE, V. BANKERS FIRE INSURANCE COMPANY, APPELLANT.

FILED NOVEMBER 13, 1922. No. 22283.

1. **Venue:** RESCISSION OF CONTRACT. An action in equity to rescind a contract for the purchase of stock of a corporation for fraud

is transitory, and the fact that part of the relief asked is the delivery up and cancelation of real estate mortgages to secure notes given for the purchase price of the stock does not characterize the action as local, where it is not sought to quiet the title nor to expunge the record of the mortgages.

2. ———: ———. In such case, the action is not required to be brought in the county where the mortgaged land is situated.

3. Corporations: CONTRACTS: RESCISSION: EVIDENCE. Assuming that a promise to make the purchaser of stock vice-president of the corporation is void as against public policy, and that no action arises upon its breach; in an action to rescind the contract for the purchase of the stock on the ground of false representations, such promise may be shown as part of the fraud inducing the purchase.

4. Evidence examined, and held to require a decree for plaintiff.

5. Corporations: PURCHASE OF STOCK: RESCISSION: RIGHT OF RECOVERY. The fact that all purchasers of stock in the corporation (except the promoters) have been defrauded in the same way will not prevent one of them from recovering the full purchase price in an action of rescission for fraud, where neither the rights of creditors or third persons have intervened, nor proceedings instituted to distribute the corporate assets; other stockholders, in such case, are not "third persons" within the meaning of the rule, in the absence of circumstances giving rise to an estoppel, and then a different principle applies.

APPEAL from the district court for Saunders county: GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*Holmes, Chambers & Mann, Slama & Donato,* and *John C. Hartigan,* for appellant.

*Rolland F. Ireland,* for intervener.

*J. H. Barry,* for appellee.

Heard before MORRISSEY, C. J., LETTON, ROSE, ALDRICH and DAY, JJ., REDICK and SHEPHERD, District Judges.

REDICK, District Judge.

This is an action in equity to rescind the purchase of 2,010 shares of stock of defendant insurance company and to cancel the notes and mortgages given as security for the purchase price of 1,800 shares, and for a decree

for $5,250, the amount of cash paid for 210 shares. The ground alleged for rescission is fraudulent representations inducing the purchase. The action was brought in Saunders county, where defendant was served, while the land conveyed by the mortgages was situated in Dodge county. Decree was rendered in conformity with the prayer of the petition, and the insurance company appeals.

The first question for determination is one of jurisdiction. Defendant contends that the action, so far as the cancelation of the mortgages is concerned, is local as one affecting an interest in lands, and could only be brought in Dodge county. The argument is based upon the proposition that the action is to quiet title as against the mortgage lien; but the prayer of the petition asks no such relief; it is that the notes and mortgages "may be canceled and surrendered to this plaintiff." In such case, the decree does not directly affect the title to the land, but merely operates against the person of defendant; the action is analogous, conversely, to one for specific performance, which by express statute is classed as transitory (Rev. St. 1913, sec. 7614); the difference being only that in the one case performance is prayed, while, in the other excuse from performance is asked. The primary question in this case is the validity of the contract for purchase of the stock, dependent upon whether the contract was procured by fraud; it is a purely personal action; the delivery up and cancelation of the notes and mortgages were merely incidental. If it had been sought to have the record of the mortgages expunged and title quieted in plaintiff, the action must have been brought in Dodge county. The distinction between the cases is clearly pointed out in *State v. District Court*, 94 Minn. 370; *State v. District Court*, 120 Minn. 99, and cases cited. See, also, 40 Cyc. 58.

Among the representations and promises complained of was that defendant promised to make plaintiff vice-president of the insurance company at a salary of $2,500

a year. Evidence of this fact was objected to as incompetent, as such a contract is void and will not support an action. For purpose of the argument this may be conceded, and if the action were upon such contract for damages for its breach, the evidence would be incompetent except for the purpose of defeating the action. But this promise is set up as one of the inducements to plaintiff to subscribe for the stock, and the salary of $2,500 a year it was stated would take care of the interest on the notes. We think from a careful consideration of the evidence, and the situation of the parties, that the promise was a part of the fraudulent scheme, was deceitfully made, and evidence of it was properly received. That the promise could not be enforced as being against public policy did not deprive it of all influence upon plaintiff, for it might have been perfectly proper to perform it; that plaintiff was not guilty of any fraudulent intent in this connection was abundantly shown by the evidence.

*Hubbard v. Long,* 105 Mich. 442, is cited by appellant as authority for the proposition that a promise to give employment cannot be made the basis for a claim for rescission of a purchase of stock. That case, however, does not hold that the promise might not be shown as one of the inducements (rather the contrary), but that plaintiff could not in an action for fraud show the breach of such promise and recover as damages the difference between what he was earning and what he would have earned if the promise had been performed.

It is claimed that the evidence is insufficient to sustain the finding of the trial court, as to the agency of the persons making the representations, and the damage to plaintiff. A full statement of the manner in which this insurance company was organized will be found in *Ehlers v. Bankers Fire Ins. Co.,* 108 Neb. 756. It is sufficient here to state that the par value of the stock was $10 a share; that a pretended sale of 150,000 shares was made to the "Bankers Brokerage Company," a corporation organized at the same time and by some of the

same people, for $15 a share, and that the latter corpora-
tion sold the stock to the public at $25 a share before a
dollar's worth of business was done, and even-before a
license was issued. The brokerage company was capital-
ized for $5,000, but gave its note to the insurance com-
pany for $2,225,000 on account of such purchase. The
stock was never issued to the brokerage company, but
when sales were made was issued direct to the purchaser,
and $15 paid the insurance company, and $10 retained
by the brokerage company as profit or commission. The
mere statement of thees facts convinces the mind that the
entire transaction was a fraud; the brokerage company
and its agents were the agents of the insurance com-
pany for the sale of its stock, and that the stock was not
of the value of $25 needs no argument to establish.

A number of errors in the reception of evidence are
claimed; but, disregarding all the evidence objected to,
there remains sufficient to compel the finding and judg-
ment of the trial court.

One other question requires attention. At the instiga-
tion of the insurance company, which was to bear all
cost thereof, a petition of intervention was filed by a
stockholder, Ernest Hurst, in which it was alleged that
all other sales of stock were made under the same condi-
tions as that to plaintiff; that 47,519 shares were so sold
at $25 a share, or $1,187,975; that the remaining assets
of the company are only $634,960.73. The claim is that,
if plaintiff is allowed to recover the full amount which
he paid for the stock, it will result in loss to the others
standing in like position, and that in equity the most
he is entitled to is his proportion of the assets. The
cases cited do not apply; they sustain the proposition
that a rescission will not be granted when the rights of
third parties have intervened. *Martin v. South Salem
Land Co.*, 94 Va. 28, was a contest between creditors of
the corporation and the stockholder who had paid only
30 per cent. of his subscription, *Dettra v. Kestner*, 147
Pa. St. 566, was an action by the receiver of a mutual in-

surance company to recover assessments to pay losses. In both these cases the question arose between creditors and the stockholder, and the others cited involve contracts between individuals under circumstances having no bearing upon the question here presented. No connection is shown between the contracts sought to be rescinded and the contracts of other stockholders; the rights of creditors are not involved; neither is the dissolution of the corporation and a distribution of its assets contemplated. We see no reason why plaintiff is not entitled to recover the full purchase price of the stock. The petition of intervener was properly dismissed.

We find no error in the record, and the decree of the district court is

AFFIRMED.