On motion to dismiss. Motion denied September 19, 1922, argued March 4, reversed and decree entered April 1, motion for modification of decree denied May 13, rehearing denied May 13, 1924.

# JOHNSON ET AL. *v.* BERNS ET AL.

(209 Pac. 94; 224 Pac. 624; 225 Pac. 727.)

**Appeal and Error—Supreme Court Acquires Jurisdiction to Hear Appeal, Though Transcript is Incomplete.**

1. Under Section 555, Or. L., relating to omissions in the transcript, the Supreme Court acquires jurisdiction of an appeal as against motion to dismiss, though the transcript does not contain certified copies of records offered at trial by respondents, appellants contending that it was incumbent upon respondents to supply the copies, and where appellants asked for leave to supply the copies, if it was concluded that they should furnish them, leave will be so granted.

## ON THE MERITS.

**Vendor and Purchaser—Vendor When Time the Essence of the Contract must Act Promptly on It.**

2. If the vendor in a contract for the sale of land, for whose benefit a stipulation about time being the essence of the contract is made, would insist upon it, he must act promptly, and any indulgence on his part will, by operation of law, bring into existence a new contract from which the element of time is absent, and in which form it will remain until, by reasonable notice to purchaser that it will thereafter be insisted upon, the agreement between the parties is restored to its original form.

**Vendor and Purchaser—Purchaser Entitled to Treat Vendor's Acts in Bringing Ejectment and Replevin as Rescission of Contract.**

3. Under a contract for the sale of a farm and personal property containing a clause making time of the essence, where vendor gave purchaser no notice that such clause would be insisted upon, after continuing to recognize the contract following default in payment of interest money and a mortgage by purchaser, his acts in bringing ejectment for the land and replevin for the personal property was such a breach of the contract as entitled purchaser to treat the contract as rescinded.

**Vendor and Purchaser—Purchaser Entitled on Vendor's Rescission to Treat Expenditures Made Thereunder as an Equitable Lien on the Land.**

4. Under a contract for the sale of a farm and personal property upon which purchaser had paid a part of the purchase price

Time as essence of contract between vendor and purchaser, see note in 104 Am. St. Rep. 266.

See 25 Cyc., p. 675; 39 Cyc., pp. 1340, 1345, 1389, 1609, 1611, 2032, 2037.

and had made other expenditures, he was equitable owner of the land to the extent of the money expended under the contract, and had an equitable lien therefor upon rescission by vendor.

### ON PETITION FOR REHEARING.

**Vendor and Purchaser—Clause Making Time of Essence Binding upon Both Parties—Delay may be Waived.**

5. Clause making time of the essence of contract is binding upon both parties, and is not to be employed at mere discretion of vendor, and his inaction amounts to waiver of provision.

**Liens—Lost by Surrender of Chattel in Obedience to Replevin.**

6. In absence of statutory regulations a lien on chattels depends upon retaining possession, and is destroyed by surrender in obedience to replevin.

From Tillamook: GEORGE R. BAGLEY, Judge.

In Banc.

MOTION TO DISMISS DENIED.

*Mr. S. S. Johnson* and *Mr. Webster Holmes,* for the motion.

*Messrs. Botts & Winslow, contra.*

HARRIS, J.—1. The plaintiffs prosecuted against the defendants a suit which ended in the Circuit Court in a decree of dismissal. The plaintiffs appealed and filed in this court certified copies of the notice of appeal, undertaking on appeal and decree, together with 274 typewritten pages of transcribed testimony certified to be a complete transcript of the notes taken by the official court reporter. Attached to the transcript are a number of exhibits. The certificate of the county clerk declares that

"hereto attached are all of the exhibits introduced in the above cause, that said exhibits are the originals introduced, except where certain records were introduced in evidence with leave to substitute a certified copy, and that hereto attached are all of the

certified copies of said records substituted by the respective parties."

The plaintiffs have also filed a printed abstract.

During the trial the defendants offered in evidence certain pages of county deed records containing the record of a certain contract and of two designated deeds, and the defendants also introduced in evidence the pleadings in two other lawsuits, with leave to substitute certified copies of the records and original papers so introduced.

The plaintiffs wrote to one of the attorneys for the defendants requesting that the defendants cause certified copies to be prepared and filed so that they could be included in the transcript when filed in this court; but the defendants replied to the effect that they did not believe it to be their duty to supply the certified copies. The plaintiffs then filed their transcript and printed abstract, and thereupon the defendants moved to dismiss the appeal on the ground that because of the absence of copies of the contract, two deeds and pleadings the court was without jurisdiction to hear the appeal.

The plaintiffs, although insisting that it was incumbent upon the defendants to supply certified copies of the records offered by the defendants, requested that they be permitted to supply the certified copies if the court concluded that the defendants were not obliged to furnish them. Clearly the plaintiffs have filed a record sufficient to confer jurisdiction upon the appellate court, although it is true that this court might not, because of the absence of some evidence, be enabled to do more than to pass upon the sufficiency of the pleadings. It was the duty of the plaintiffs to supply certified copies of the deed records and of the pleadings in the other two lawsuits just

as it was their duty to cause the testimony of the witnesses for the defendants to be transcribed. If the plaintiffs prevail on the appeal they can include in their cost bill, if allowed costs and disbursements, the expense of the certified copies. The plaintiffs have appealed in good faith and their motion for permission to supply certified copies is allowed, while the motion of the defendants for a dismissal is denied: See Section 555, Or. L.        MOTION DENIED.

ON THE MERITS.

REVERSED.

For appellants there was a brief over the name of *Messrs. Botts & Winslow,* with an oral argument by *Mr. George P. Winslow.*

For respondents there was a brief over the names of *Mr. S. S. Johnson* and *Mr. Webster Holmes,* with an oral argument by *Mr. Johnson.*

BURNETT, J.—The defendant, John Berns, owned a tract of land in Tillamook County upon which there was a mortgage to the State School Fund securing a note then overdue, and another mortgage to his father, Frank Berns, upon which the interest was due and payable semi-annually June 28th and December 28th of each year. On August 9, 1920, John Berns and Hulda, his wife, as parties of the first part, and the plaintiffs herein as parties of the second part, entered into a contract for the sale by the first parties and the purchase by the second parties of the tract of land already mentioned. The salient parts of this agreement are as follows:

"This Indenture made and entered into on this the 9th day of August, 1920, by and between John J.

Berns and Hulda Berns, husband and wife, herein-after styled first parties, and E. D. Johnson and Harry Johnson, hereinafter styled second parties, all being of Tillamook County, Oregon, WITNESSETH.

"For and in consideration of the terms and the conditions to be kept by the second parties and payment of money to be made by them as hereinafter provided, the first parties agree to sell and convey and the second parties agree to purchase from the first parties the following described real property situated in Tillamook County, Oregon, to-wit:

"(Here follows description of real and personal property.)

"To HAVE AND TO HOLD unto second parties, subject to conditions hereinafter named and upon their doing and performing the covenants and agreements hereinafter set forth.

"The total consideration paid and to be paid by the second parties to the first parties for the said real and personal property is $39,500.00 of which $5000.00 is paid upon the execution of this instrument, receipt whereof is hereby acknowledged.

"The balance of the said consideration is to be paid by the assumption on the part of the second parties of two certain mortgages upon the premises above mentioned, one being in favor of the State Land Board of Oregon, for the sum of $5000.00, and the other in favor of Frank Berns, of Tillamook County, Oregon, for the sum of $14,000.00, and the balance of the cash consideration of $15,500.00 shall be paid in the manner hereinafter provided. The said balance of the cash owing herein of $15,500.00 shall bear interest at the rate of 6 per cent per annum, interest payable monthly on or before the 15th day of each month hereafter.

"It is understood between the parties that second parties shall take possession of the said premises on the —— day of August, 1920, and shall take charge of the said personal property and shall conduct and use the same as a first class dairy ranch in Tillamook County, Oregon, and shall at all times keep on the

said premises at least the same number of milk cows and of as good quality as now are on said premises.

"All the milk produced on the said premises shall be delivered to the Maple Leaf Creamery, so long as said Creamery receives milk, during the first two years hereafter, and 50 per cent of the said milk shall be deposited at said Creamery to the order of John J. Berns. * *

"Now time is of the essence of this contract and in case the second parties fail or refuse to perform the covenants and agreements herein contained, or fail to perform any one of said covenants or agreements then in that event this contract shall be null and void as to both parties, and the first parties shall have the right to take possession of the said real and personal property, and the whole thereof, and the second parties shall thereupon deliver up to the first parties the said property and vacate the said premises after reasonable notice.

"And in event of said failure to perform the covenants and agreements on the part of the second parties or either of them, all payments theretofore made on the part of second parties under this contract shall be absolutely forfeited to the first parties as rental for the use of the said premises by the second parties as damages because of such failure on the part of the second parties. This contract shall be binding upon the heirs, assigns and legal representatives to all the parties."

The plaintiffs paid $5000 in cash on the purchase price at the date of the contract and made other payments later out of milk sales, but did not pay the interest on the Frank Berns mortgage due December 28th following the execution of the contract, until some days afterwards; neither did they pay the mortgage to the school fund. The parties of the first part in the contract made no protest or objection against the delay in making these payments. Neither did they at any time afterwards notify the plaintiffs

here of any purpose to insist thereafter on strict payment at the time when due of any of the amounts to be paid on the contract by the parties of the second part thereto. From time to time 50 per cent of the proceeds of the sale of milk from the ranch was paid to and received by the defendant, John J. Berns, even after the 28th of June, 1921. The defendant Berns continued to recognize the contract as being in force and gave no notice of forfeiture until July 19, 1921, when he began an action of ejectment against the plaintiffs here to regain possession of the land and likewise an action in replevin to recover the personal property included in the contract for the sale of the land. The plaintiffs here count upon those actions as a breach of contract by the parties of the first part therein and have brought this suit, the object of which is to recover the amounts paid by them toward the purchase price of the land and to impress the sum as a lien upon the real property described in the contract. The defendants, William Berns and Martin Berns, are made parties defendant because, as alleged in the complaint, they took from John J. Berns and his wife on July 26, 1921, a chattel mortgage upon all the personal property described in the contract although they knew of the situation concerning the same and of the previous rights of the plaintiffs here. The attitude of the defendants is that on account of the clause making time the essence of the contract, they had the right at any time on or after a default in the payments required of the plaintiffs to begin at once to oust them from possession of the property and to recover the same to the use of John J. Berns, forfeiting all the payments made prior to that time. The Circuit

Court found in favor of the defendants and dismissed the suit, from which decree the plaintiffs appeal.

It is not pretended that the plaintiffs have fully performed the contract in all respects required of them; but their position is that by the indulgence of the defendants, contracting parties, the provision about time being the essence of the contract was waived so that the law works out a modification of the contract in that feature, eliminating that clause for the time being, which situation must persist until the seller gives reasonable notice that in the future he will insist strictly upon punctual payment at the time when due, of all amounts required.

In *Graham* v. *Merchant*, 43 Or. 294 (72 Pac. 1088), there was an executory contract for the sale of land in which the question was whether the contract was to be considered still in force, although the payments had not been made promptly as required, time being of the essence of contract. The court said:

"If the money so received as stumpage was accepted on the purchase price of the land after the maturity of the final payment, the defendant must have elected to consider the contract in force."

Further on in the opinion it was held that—

"where time is stated to be of the essence of a contract to convey land, if both parties, by a mutual course of conduct, treat the time clause as waived or suspended, one of them cannot suddenly insist upon forfeiture, but must, in order then to avail himself of the time clause, give reasonable, definite, and specific notice of his changed intention. When a vendor waives the stipulation of a contract prescribing the time of its performance, he cannot rescind without giving the vendee reasonable notice to comply with his part of the agreement": citing many authorities.

It was likewise said in *Gray* v. *Pelton,* 67 Or. 239 (135 Pac. 755), speaking of the clause about time being the essence of contract:

"The conduct of such vendor will operate as a waiver when it is consistent only with a purpose on his part to regard the contract as still subsisting: § 394; 2 Warvell, Vendors, § 819; *Boone* v. *Templeman,* 158 Cal. 290, 295 (110 Pac. 947, 139 Am. St. Rep. 126); *Smiley* v. *Barker,* 83 Fed. 684 (28 C. C. A. 9). After a vendor waives a stipulation that time is of the essence of the contract, such stipulation cannot be insisted upon without notice and opportunity of compliance."

2, 3. The principle is that all the terms of the contract are binding upon all the parties thereto and that if the vendor, for whose benefit the stipulation about time being of the essence of the contract is made, would insist upon it, he must act promptly upon that provision so that any indulgence upon his part will amount to a nullification of that feature of the covenant. In effect, by operation of law upon his indulgence, a new contract is brought into existence for the time being, from which that clause is absent, and it so remains in this modified form until by reasonable notice to the opposite party that it will thereafter be insisted upon, the agreement between the parties is restored to its original form. Until thus reinstated by reasonable notice, the seller cannot suddenly and without fair notice, pounce upon the purchaser, oust him from possession, and cancel his rights under the contract. The record is utterly devoid of any evidence whatever that after the delay in paying the December interest and the June interest following, and the default in payment of the mortgage to the school fund, the seller ever gave any notice to the buyer that the clause making time of the

essence of the contract would be afterwards insisted upon.

The metamorphosis of the contract being still in force and existence, it was a clear breach thereof for Berns to bring ejectment for the land and replevin for the personal property. The contract gave the Johnsons both those forms of property to be used and employed by them in carrying out its terms. They were entitled, therefore, to count upon the breach of the modified contract by Berns as a rescission thereof.

4. The situation then became one of this fashion: The Johnsons had paid considerable of the purchase price of the property, amounting to $5,000 cash payment, $2,410.68 of the creamery profits, $376 interest on the Frank Berns mortgage, and $150 and $175 as taxes upon the property, besides making permanent improvements amounting to $500 totaling $8,611.68. To this extent the plaintiffs are the equitable owners of the land. Under such circumstances equity gives to the purchaser a lien upon the land to reimburse him for his expenditures under the contract. In *Whitbread & Co., Ltd.*, v. *Watt*, L. R. 1 Ch. D. 835, where was drawn in question the right of the purchaser to recover what he paid, it was said:

"And, if we look at that which is really the foundation of the doctrine, namely, the desire to do justice as between vendor and purchaser, it appears to me that that reason applies no less forcibly in the present case than in the ordinary case in which the rescission of the contract takes place by reason of some default on the part of the vendor. In a case in which the vendor had rescinded under a power reserved to him, it would, I think, be absolute injustice if the purchaser were not allowed to have a lien for the purchase money which he had paid, and which was the security on his part for the performance by him of the contract. I think, also, the justice of the case

requires that the purchaser should have a lien when the contract reserves to him a power to rescind.''

See also: *First Savings Bank* v. *Linnhaven Orchard Co.,* 89 Or. 354 (174 Pac. 614); *Green* v. *Linnhaven Orchard Co.,* 89 Or. 513 (174 Pac. 620); *Epplett* v. *Empire Investment Co.,* 99 Or. 533 (194 Pac. 461, 700).

It is manifestly unfair and inequitable for the defendants to retain upwards of $8,000 of the plaintiff's money for the occupation of the land for less than one year. Under the contract, as modified by the waiver of the defendants as shown above, of the clause making time the essence of the contract, they had no right to commit the breach thereof manifested in the actions of ejectment and replevin. Only by giving the buyers a reasonable notice that in the future, strict and punctual performance would be required, could the vendor restore the contract to its original terms. The natural justice of the situation requires that relief should be given to the plaintiffs according to the prayer of their complaint; that a lien in their favor should be impressed upon the land; that the same be strictly foreclosed, giving to the defendants the right within sixty days after the entry of the mandate of this court in the Circuit Court, to repay to the plaintiffs the sum of $8,611.68, with interest thereon from December 9, 1921, the date of the Circuit Court decree, at 6 per cent per annum; and in default thereof, that the lands be sold in the manner prescribed by law subject to the prior mortgage to the school fund and to Frank Berns, and the proceeds applied first to the payment of the decree including costs and disbursements and expenses of sale, and the remainder, if any, to be paid to John J. Berns.

The decree of the Circuit Court is reversed and one here entered in accordance with the principles enunciated in this opinion.

REVERSED AND DECREE ENTERED. MOTION FOR MODIFICATION OF DECREE DENIED.

McBRIDE, C. J., and COSHOW, J., concur.

RAND, J., concurs in the result.

Motion for modification of decree and petition for rehearing denied May 13, 1924.

ON PETITION FOR REHEARING.

(225 Pac. 727.)

*Mr. S. S. Johnson* and *Mr. Webster,* for the motion.

*Messrs. Botts & Winslow, contra.*

BURNETT, J.—The defendants have petitioned for rehearing of this cause and the plaintiffs have moved for a modification of the decree so as to include in the sale to be made for the satisfaction of the amount found due to the plaintiffs, the dairy herd and other personal property mentioned in the pleadings.

It will be recalled that a decree was ordered finding that a certain amount was due to the plaintiffs which they had paid upon the purchase price of the lands and personal property, which was impressed as a lien upon the land in default of the payment of which the land was to be sold for the satisfaction of the money decree; but the personal property was not included in the order of sale.

It is an erroneous conception of counsel for the defendants to impute to the court the holding that the indulgence of the state land board in deferring the payment of the school fund mortgage and of

Frank Berns in not requiring payment promptly of the interest due on his mortgage on the lands, were waivers. We have not relied upon those nonactions of the board and Frank Berns as waivers affecting the decision of this case. By the terms of the contract, the present plaintiffs were required to assume, or in other words to pay, the school fund mortgage and the Frank Berns mortgage. The former was entirely due and from time to time installments of interest fell due on the latter.

5. Thus far, both securities were ripe for payment and the holders thereof could be compelled to accept all money due thereon. What is imputed to the present defendants as waiver depends upon the clause making time of the essence of the contract. The defendants having made such a contract, that condition, as pointed out in the former opinion, was as binding upon them as it was upon the plaintiffs herein. It was the business of the defendants to enforce their contract promptly if they would rely upon that feature of it. Their waiver rests in their failure to enforce that clause and does not necessarily depend upon whether they were notified that either of the prior encumbrances had not been discharged. The clause making time the essence of the contract means what it says, is binding upon both parties, and is not to be employed at the mere discretion of the vendor. Unless he uses it according to its terms, his inaction amounts to a waiver of its provisions.

6. Both parties, say the plaintiffs in their pleadings and the defendants in their brief, avow that the personal property was replevined and turned over to the possession of the defendants. As to personalty, in the absence of statutory regulations like those for the registration of chattel mortgages and the like, a

111 Or.—12

lien depends upon retaining the possession of the chattels. For this reason no lien could be enforced against the personalty after possession thereof had been surrendered by those claiming the lien, the plaintiffs in this instance. The rule is different as to realty and, as we have seen, a purchaser who has paid part of the purchase price becomes *pro tanto* owner of the land and is entitled to the aid of equity to enforce his claim for reimbursement. Conceding then, without deciding, that the plaintiffs ever had a lien upon the personalty, it has been destroyed by their surrender of it in obedience to the replevin, leaving only the land amenable to the equitable jurisdiction of the court as the subject matter of a lien for the purchase price already paid.

The petition for rehearing and the motion for the modification of the decree are both overruled.

REHEARING DENIED AND MOTION OVERRULED.

McBRIDE, C. J., and RAND and COSHOW, JJ., concur.

---

Motion to dismiss appeals overruled November 28, 1922, argued March 26, affirmed May 20, 1924.