Argued at Pendleton, October 27, affirmed December 9, 1924, rehearing denied February 24, 1925.

## ONTARIO ADVANCEMENT CO. *v.* W. 'A'. STEVENS.

(231 Pac. 127.)

**Appeal and Error—Plaintiff Who Did not Appeal not Entitled, on Defendant's Appeal, to More Favorable Judgment Than That Rendered Below.**

1. Plaintiff, who did not appeal, could not, on defendant's appeal, obtain a more favorable judgment or determination than that rendered by the Circuit Court.

**Vendor and Purchaser—Purchaser, on Vendor's Default, Could Either Rescind and Recover Amount Paid, or Could Continue in Performance and Sue for Damages.**

2. On vendor's breach of contract to dig well and provide purchaser with sufficient quantity of water for irrigation, purchaser

---

1. See 2 R. C. L. 280.
2. See 9 R. C. L. 958, 965; 27 R. C. L. 379.

could either rescind the contract and sue to recover the amount paid or could continue in the performance of the contract and sue for damages, but could not do both.

**Vendor and Purchaser—Vendor Could Sue Strictly to Foreclose, Notwithstanding His Breach of Contract, Where Purchaser Remained in Possession Without Payment of Purchase Price.**

3. Purchaser, who remained in possession without paying installments and without rescinding contract, committed a breach, authorizing vendor's suit strictly to foreclose, notwithstanding vendor's failure to provide sufficient water for irrigation purposes, as required by the contract.

---

See (1) 4 **C. J.** 1114.   (2) 39 **Cyc.** 1997, 2000.   (3) 39 **Cyc.** 1560, 1875.

From Malheur: Dalton Biggs, Judge.

In Banc.

Affirmed.   Rehearing Denied.

For appellant there was a brief and oral argument by *Mr. R. W. Swagler.*

For respondent there was a brief over the names of *Mr. J. W. McCulloch* and *Mr. W. W. Wood,* with an oral argument by *Mr. McCulloch.*

. BURNETT, J.—This is a suit by the vendor, strictly to foreclose the vendee's right in certain tracts of land, five in number, covered by five contracts, in three of which the vendee was the original party and two of which he was the assignee of the original vendee. Except for the description of the land, the price to be paid and installments thereof, the contracts are identical in terms being drawn on a uniform blank. Taking Plaintiff's Exhibit 1 as an example so far as it is necessary for the decision of the case it reads as follows:

"This agreement, made this 5th day of March, A. D. 1912, by and between the Ontario Advancement

---

3.  See 27 **R. C. L.** 451.

Company, party of the first part, and W. A. Stevens, of Redmond, Oregon, party of the second part;

"Witnesseth: That the said party of the first part, for and in consideration of the sum of Two Thousand Dollars ($2000.00) to be paid by the said party of the second part to the said first party, as hereinafter provided, hereby agrees to sell to the said party of the second part, the following described real property situated in the County of Malheur and State of Oregon":

(Here follows description of the property according to government survey.)

Exception is made for rights of way for ditches and roads. The contract continues thus:

"together with a good and sufficient water right that will furnish three acre feet of water during the irrigation season of each year, namely, between the first day of April and the first day of October following, of every year, which said water right shall hereafter be evidenced by its proportionate amount of stock in a corporation to be hereafter organized.

"The said party of the first part further agrees that on receiving such payment at the time and in the manner hereinafter mentioned, it will, at its own cost and expense, execute and deliver to the said party of the second part or his heirs or assigns a good and sufficient warranty deed to the said premises."

The party of the second part agreed to pay the purchase price of $2,000.00 in installments, ten in number, after the first payment of $200, together with interest at the rate of 7 per cent per annum, payable semi-annually, said interest to be computed on the whole sum that should be from time to time unpaid. Option was given to the vendee to pay the unpaid balance and receive a deed at any time. It was agreed that the second party should pay all taxes and assessments, levied or assessed against said premises and assessments and maintenance on said water right

for the year 1912, and thereafter.  The vendee was entitled under the contract to have possession of the premises.  This clause also appears:

"It is further mutually understood and agreed between the parties hereto, that default in any of the conditions of this contract on the part of the party of the second part shall, at the option of the party of the first part, render this contract void; and all sums of money theretofore paid by the party of the second part shall be and become forfeited as fixed and liquidated damages to the party of the first part, and said party of the second part agrees to immediately surrender said premises to first party, time and the exact performance of each and every one of the conditions hereof being deemed and considered by the parties hereto as of the essence hereof."

The making of the contract is admitted.  It is alleged and admitted that the defendant had made certain payments; that the plaintiff had given notice to the defendant in writing that certain installments of the purchase price were due and unpaid and that if the payments were not made within thirty days from June 2, 1916, the date of service of the notice, the plaintiff would consider the contract void and terminated and the defendant's rights thereunder forfeited.

The principal defense is to the effect that a real estate agent acting for the plaintiff in an endeavor to get the defendant to enter into the contracts represented to him that the water right described in the agreement

"would be a permanent and perpetual water right from a well, which was being dug, or was about to be dug by the plaintiff, a short distance from the land described in said contract, and that said well was being dug, or was to be dug to the water level, and that a good and sufficient quantity of water would be

pumped out of said well to a height of approximately fifty feet, and thence carried by a short ditch to the land described in said contract.''

This is the substance of the defense and refers to alleged representations of the agent who sought to get the defendant to make the contracts. The Circuit Court found against the defendant, but reopened the case and took testimony as to the products of the land which had accrued while the plaintiff was in possession after ousting the defendant, and allowed the value thereof as a credit on the amount due on the contracts, but with this deduction entered a decree of strict foreclosure giving the defendant a certain time in which to pay up the balance due or be forever barred and foreclosed of all right, title or interest to said premises. The defendant appealed.

1. The plaintiff did not appeal, and hence can obtain no more favorable judgment or determination here than that rendered by the Circuit Court: *Crumbley* v. *Crumbley,* 94 Or. 617 (186 Pac. 423), and authorities there cited. See, also, *Johnson* v. *Prineville,* 100 Or. 105 (196 Pac. 817).

''When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be, between the parties and their representatives or successors in interest, no evidence of the terms of the agreement, other than the contents of the writing, except in the following cases:

''1. Where a mistake or imperfection of the writing is put in issue by the pleadings;

''2. Where the validity of the agreement is the fact in dispute. * * * '' Section 713, Or. L.

Hence we cannot in this case consider what was said by the parties in negotiation prior to executing

the writings. They are the sole memorials of their covenants and supersede all else in that respect.

There is some testimony about a well having been dug after the making of the contract and about the defendant not having had enough water on the ground, but there is no disclosure of the water having been measured during the time he was upon the premises so as to show that then the well did not furnish three acre-feet per season. Other water was furnished to reinforce the well, but there is nothing to show that it was measured showing lack of the three acre-feet mentioned in the contract.

It will be observed that this contract is executory containing mutual covenants, so that if the defendant would put the plaintiff in default, he must tender the unpaid portion of the purchase price and demand conveyance of the property. It is not pretended in the contract or in the evidence that the water right was in existence at the time the contract was made. It would be sufficient as performance of that part of the contract if the plaintiff had such a water right ready for transfer to the defendant when the money was paid. The defendant admits that he has failed to pay any of the overdue installments and that he remained in possession of the property long after they were overdue, and as he claims, it was shown that the well was insufficient for the purpose designed.

2, 3. If there was a breach on the part of the plaintiff, of the contract, the defendant had his choice of at least two courses, either to rescind the contract on account of the default of the plaintiff, and sue to recover the amounts paid, or on the other hand, to continue in the performance of the contract and sue for damages. He cannot do both. In either

case he must act promptly when his right of rescission accrues, and having remained in possession without paying he has committed a breach of his contract authorizing plaintiff's suit strictly to foreclose. The case of *Anderson* v. *Hurlbert,* 109 Or. 284 (219 Pac. 1092), is a precedent in which Mr. Justice BEAN elaborates the doctrine controlling this case.

There was no error in directing a strict foreclosure, giving the defendant a certain time within which to pay the balance found due or be excluded from further interest in the premises described in the contracts. The decree of the Circuit Court will therefore be affirmed and one here entered allowing the defendant to pay the balance found due by the Circuit Court within thirty days after the entry of the mandate in that court, together with the costs and disbursements of the suit, otherwise he will be excluded from all right, title, interest or estate in any of the property described in any of the five contracts. The decree is affirmed.

AFFIRMED.    REHEARING DENIED.