Argued at Pendleton May 3; affirmed July 12; rehearing denied
August 1, 1932

# HOLLAND *v.* BRADLEY ET AL.

(12 P. (2d) 1100)

*Frank C. McColloch,* of Baker (McColloch & Brown, of Baker, on the brief), for appellant.

*Armand H. Fuchs,* of Baker (Heilner & Fuchs, of Baker, on the brief), for respondents.

ROSSMAN, J.  September 21, 1929, William E. Bradley, as vendor, and the plaintiff, as vendee, signed a contract wherein the plaintiff undertook to purchase a tract of land in Baker county for the sum of $2,000, payable $500 October 15, 1929, $300 October 15, 1930, and $300 annually thereafter until the full purchase price had been paid.  The contract postponed the delivery of the deed until the entire sum of $2,000 had been paid.  It contained the following provision:

"Time is hereby declared to be of the essence of this agreement, and upon the failure of the said second party to keep and perform any of the terms hereof, then this agreement, at the option of the first party, shall cease and terminate, and first party shall retain all payments theretofore made as and for liquidated damages for such breach of agreement, and the second party shall cease to have any interest in and to said premises or this agreement."

The plaintiff paid upon the purchase price the sum of $500 and no more.  Subsequently, Bradley sold and assigned the aforementioned contract to the defendant Jesse Ackerman.  The plaintiff was made aware of that fact.  October 2, 1930, Ackerman advised the plaintiff in a letter: "* * * On the 15th of

October, 1930, a payment is due, and I will ask you to kindly call at my office at that time and make said payment.'' After the plaintiff had failed to comply with that demand Ackerman, through his attorney, sent to the plaintiff another letter, dated November 1, 1930, wherein he stated: ''I am again writing you concerning the matter of the contract between yourself and William E. Bradley. A payment on this contract was due on the 15th day of October last which payment has not been made. This contract and the land which it covers is now owned by my client Mr. Jesse Ackerman, and unless this past due payment is made by the 10th of this month it will be necessary for Mr. Ackerman to take further steps to protect his rights. Kindly take the matter up with me at once.'' No payment having been forthcoming, the attorney, Mr. J. J. Heilner, on November 17, 1930, sent to the plaintiff another letter wherein he stated: ''I am again writing you concerning the matter of the contract under which you have possession of the property now owned by my client, Mr. Ackerman. You have failed to make the payment as provided by this client and, as I notified you previously, the contract is now terminated. Mr. Ackerman has arranged a deal on this land and it will be necessary for you to make immediate arrangements for giving up possession of the same. Kindly take this matter up with me at once.''

The defendant Ackerman testified that after the plaintiff had failed to make the payment due October 15, 1930, ''I just told him if he couldn't pay it he would have to give it up.'' As a witness, the plaintiff admitted his inability to discharge that payment and, referring to a conference which he had held with Mr. Heilner, testified: ''You wanted me to move off but you told me Mr. Ackerman wasn't very particular if

I moved off in March. Well, I told you, I says, 'I can't move off now, but if Ackerman wants me to move off, I could pay him some for staying there to March.' ' " Concerning the aforementioned conference, Mr. Heilner testified: "Mr. Holland called at my office in regard to the contract in question in this case. He stated to me he was not able to pay the $300 payment due under the contract on October 15th and that he was unable to proceed further in the contract. While I do not recollect his exact words, he stated to me that he had some feed, as I remember it, on the place and some stock, and that he would like to remain on the place during the winter for the purpose of feeding the stock and that if we would allow him to stay there until the 1st of March, 1931, he would then move off of the place, and I stated to him that Mr. Ackerman had no objections to his remaining during the winter months provided he would move off by the 1st of March, 1931." The witness testified further that, based upon the plaintiff's promise to repeat in a letter to Ackerman his promise to vacate the premises March 1st, he granted him the privilege of retaining possession until that time. January 29, 1931, Mr. Heilner sent the following letter to the plaintiff: "I have been instructed by my client, Mr. Jesse Ackerman, to notify you to vacate the premises now owned by him and occupied by you, about three miles south of Pleasant Valley in Baker county, Oregon, not later than March 1st, 1931. On that date Mr. Ackerman will take possession of the premises, as he owns the same. You have failed to comply with any of your agreement and the same has been cancelled and you will deliver up possession of said premises to Mr. Ackerman not later than March 1st." The defendant Ackerman testified that he regarded the contract as cancelled November 17th.

March 6, 1931, Ackerman instituted a forcible entry and detainer action and thereby recovered possession of the property. Referring to the said action, the complaint avers: "Said defendants thereby repudiated and rescinded said contract." In other words, the plaintiff contends that the contract was in effect until that time. He further contends that the institution of the forcible entry and detainer action was a repudiation or attempted rescission of the contract by Ackerman; that Ackerman's act entitled the plaintiff to join in the alleged rescission and that, having done so, a mutual rescission was accomplished which entitled the plaintiff to a return of the $500 which he had previously paid upon the purchase price of the land.

The defendants submit that the plaintiff breached his contract when he failed to pay the $300 installment due October 15, 1930, thereby placing himself in default; that subsequently Ackerman, after notice to the plaintiff, availed himself of the privilege granted by the contract to declare a forfeiture, thus terminating the rights of the plaintiff under the contract; that the privilege of remaining in possession until March 1st was not conferred by the contract, but was a concession granted to the plaintiff by Ackerman; and that the institution of the forcible entry and detainer action was not a repudiation of the contract because, according to the defendants, it had been terminated some months previously.

It will be observed that the contract contained a stipulation which made time of performance the essence of the contract, and that it contained a further provision granting the vendor an option to terminate the contract and retain all payments made by the vendee as liquidated damages in the event the vendee breached the covenants of the contract.

■ Where the parties to a contract, which has not been breached by an unwaived default of the vendee, rescind it, either by mutual agreement or through the wrongful act of the vendor, acquiesced in by the vendee, the latter generally is entitled to recover the amount he has paid toward the purchase price, notwithstanding the contract contains a forfeiture clause: *Mascall v. Erikson*, 131 Or. 509 (283 P. 2) ; *Ontario Advancement Co. v. Stevens*, 113 Or. 564 (231 P. 127) ; *Johnson v. Berns*, 111 Or. 165 (209 P. 94, 224 P. 624, 225 P. 727) ; *Anderson v. Hurlbert*, 109 Or. 284 (219 P. 1092) ; *Cornely v. Campbell*, 95 Or. 345 (186 P. 563, 187 P. 1103) ; *Woodard v. Willamette Val. Irr. etc. Co.*, 89 Or. 10 (173 P. 262) ; *Maffet v. Oregon & California R. R. Co.*, 46 Or. 443 (80 P. 489) ; *Graham v. Merchant*, 43 Or. 294 (72 P. 1088).

■ But when the vendee has breached the covenants of his contract and the latter contains a provision entitling the vendor to declare a forfeiture on account of such breach, the forfeiture is not a rescission of the contract. A rescission terminates the contract by a method not authorized by the agreement itself. It extinguishes the contract despite its provisions which contemplate a totally different result. A forfeiture declared, pursuant to the terms of the contract, executes the agreement as effectually as performance itself. It is an assertion of a right granted by the contract.

■ Where the vendor, after a default by a vendee which was not waived, has enforced a forfeiture clause in the contract he has not thus rendered himself liable to an action by the vendee for payments made upon the contract. The principle just stated was applied or recognized in the following cases: *Lea v. Blockland*, 122 Or. 230 (257 P. 801) ; *Anderson v. Hurlbert*, 109 Or.

284 (219 P. 1092); *Epplett v. Empire Investment Co., Inc.,* 99 Or. 533 (194 P. 461, 700); *Cornely v. Campbell,* 95 Or. 345 (186 P. 563, 187 P. 1103); *Kemmerer v. Title & Trust Co.,* 90 Or. 137 (175 P. 865); *Mitchell v. Hughes,* 80 Or. 574 (157 P. 965); *Scott v. Merrill's Estate,* 74 Or. 568 (146 P. 99); *Hansbrough v. Peck,* 5 Wall. 497; see also Williston on Contracts, § 791, and the annotation in 59 A. L. R. 189.

■■ The question now presents itself whether defendant Ackerman somehow breached the terms of the contract and thereby enabled the plaintiff to rescind, or whether Ackerman, as alleged by himself, declared a forfeiture on account of the plaintiff's failure to pay the installment due October 15, 1930. The findings of the circuit court declare:

"That at all times during the existence of said written agreement said defendant, Jesse Ackerman, has been ready, willing and able to proceed and fulfill all his stipulations according to the terms of said agreement, but that said plaintiff has defaulted in the performance of said written agreement by reason of his failure, neglect and refusal to so pay or tender the amount due under said terms of said agreement, and that by reason of such failure, neglect and refusal of said plaintiff, said defendant did, on or about the 17th day of November, 1930, duly and regularly exercise the option to end and terminate said written agreement as provided for therein and to declare forfeited as liquidated damages for such breach of agreement all payments theretofore made, and that said plaintiff did thereafter assent and agree to such termination and such forfeiture as provided for in said agreement."

The evidence fully supports and warrants the above finding. The cause having been tried as an action at law, this finding is as binding upon us as the verdict of a jury.

■ It is true that the forfeiture clause in this contract was not self-executing. It merely conferred upon the vendor an option to declare a forfeiture, which did not become effective until the vendor had availed himself of the privilege it presented: *Epplett v. Empire Investment Co.*, supra; *Kemmerer v. Title & Trust Co.*, supra; *Graham v. Merchant,* supra. The evidence, however, clearly indicates that Ackerman exercised the option available to him and gave appropriate notice to the plaintiff.

■ The plaintiff seems to believe that Ackerman somehow waived the provision which made time the essence of the contract, and that he continued the contract in operation until the plaintiff made his alleged rescission, following Ackerman's institution of the forcible entry and detainer action. We find no support whatever in the evidence for this contention. To the contrary, it is our belief that Ackerman waived none of the provisions of the contract but was insistent that the plaintiff should make prompt payment of the installment due October 15, 1930. He gave the plaintiff timely notice that he would expect payment upon that day, and, payment having been neglected, Ackerman's attorney notified the plaintiff on November 1, 1930, that unless the $300 installment was paid "by the 10th of this month" Ackerman would "take further steps to protect his rights." A few days later the plaintiff, according to the uncontradicted evidence, told Ackerman and his attorney that he was unable to discharge his obligation, and requested the privilege of possession until March 1st. The evidence clearly indicates that this privilege was granted, not as a right emanating from the contract but as a courtesy extended by Ackerman. We conclude that Ackerman waived no provision of the contract, but that on October 15, 1930, the

plaintiff, through his failure to pay the installment due upon that day, breached his contract. This breach was followed a few days later by an admission of inability to perform and an abandonment of the contract by the plaintiff.

The plaintiff's default and his abandonment of the contract were still in effect when this action was instituted. Had the plaintiff continued to perform his contract he could not have recovered the $500 already paid by him to the defendants. He certainly could not improve his condition by breaching his contract. The defendants came rightfully into possession of that sum of money and have done nothing to forfeit their claim to it. It follows from the authorities above cited that the plaintiff cannot recover.

The judgment of the circuit court is affirmed.

BEAN, C. J., BROWN, RAND, KELLY and CAMPBELL, JJ., concur.