Argued June 13; affirmed July 17, 1934

MONTGOMERY ET AL. *v.* HEIDER ET AL.

(34 P. (2d) 657)

*Frank Holmes,* of McMinnville, and *Otto W. Heider,* of Sheridan, for appellants.

*James E. Burdett,* of McMinnville (Joseph Van Hoomissen, of Portland, on the brief), for respondents.

CAMPBELL, J. On April 27, 1928, plaintiffs bought, on a conditional sales contract, from defendants a certain tract of land in Yamhill county, Oregon, to be paid for in installments, and, when fully paid for, defendants were to convey by warranty deed. The contract contained the usual "time essence" clause, with

option by vendors of forfeiture for failure on the part of vendees to live up to any and all of the conditions of the contract.

Plaintiffs thereupon entered into possession of the premises and remained in the actual possession thereof until March, 1932, when they moved to Sheridan where they remained until about July 8, 1932, when they moved to the vicinity of Sherwood; but all of the time some of their furniture and personal property remained on the tract of land in question.

About September 1, 1932, defendants rented the house and outbuildings on the premises in question to a family named Kilmer, who immediately went into possession thereof.

On or about September 5, 1932, plaintiffs visited the place, found it occupied by the Kilmers, who showed them a receipt for three months rent paid in advance. Plaintiffs thereupon called upon defendant Otto Heider. The parties disagree as to what took place between them from that time on. Thereafter, plaintiffs commenced this action to recover the amounts paid on the above installment contract.

On May 28, 1933, they filed their third amended complaint wherein they alleged the foregoing facts, attached a copy of the contract, set out the amounts paid thereon and the dates of payment, and further alleged, in substance, that on or about August 19, 1932, defendants, without demand or notice, rescinded and terminated said contract, and without notice or right and without any proceeding in law or equity, took possession of said premises. They further alleged that they, plaintiffs, had made certain improvements and the value thereof.

To this complaint, defendants filed an answer in which they denied that they rescinded the contract

or took possession of the premises, but alleged that plaintiffs abandoned said premises and said contract and that the defendants were obliged to put some one in possession of the buildings in order to comply with certain conditions of a Federal Land Bank mortgage on the premises and to prevent a default of said mortgage by reason of a lapse of insurance on the buildings because of their vacancy.

The defendants also alleged a counterclaim in equity and asked for a strict foreclosure of the contract on the grounds that the plaintiffs had violated the conditions thereof.

The cause was heard before the court, who, after hearing the evidence and argument, found against defendants on their counterclaim for foreclosure and made findings and conclusions in favor of plaintiffs; adjusted the compensation for improvements made by plaintiffs; allowed an offset of the reasonable rental value of the premises during the time they were occupied by plaintiff; and entered judgment for the balance of the money paid on the contract; made it a lien upon the premises in question and provided for a deficiency judgment. Defendants appeal.

The amounts paid on the contract are admitted; that some improvements were made by respondents is also admitted, but the value thereof is in dispute. There is practically no disagreement as to the rental value of the premises. Both parties also admit that the ''time essence'' clause of the contract had been waived. It is also admitted that no proceedings in law or equity had been instituted by defendants in regard to the possession of the premises. The chief question is whether defendants rescinded the contract without notice to plaintiffs and took possession of the premises without right.

We agree with counsel for appellants that there is only one question in the case: Did the appellants oust the respondents from the premises and rescind the contract without notice to respondents?

There is agreement between counsel as to the law applicable to the facts once the facts are established.

■ It must be considered settled law in this state that if a vendor in a conditional sales contract wrongfully rescinds such contract the vendee therein may elect to assent to such rescission and may maintain a suit or action to recover the moneys paid on such contract: *Paine v. Meier & Frank Co.,* 146 Or. 40 (27 P. (2d) 315); *Holland v. Bradley,* 140 Or. 258 (12 P. (2d) 1100); *Olson v. Pixler,* 138 Or. 250 (6 P. (2d) 23); *Johnson v. Berns,* 111 Or. 165 (224 P. 624, 225 P. 727); *Denning v. Bailey,* 112 Or. 621 (229 P. 912); and numerous other Oregon cases.

■ The evidence shows that Mr. Montgomery, one of respondents, at the time he contracted to buy the premises, had fairly profitable employment in a brick-yard a short distance therefrom. Owing to the depression, he lost that job. Mrs. Montgomery, the other respondent, seems to have obtained occasional employment as a saleslady at McMinnville and other places. All of this time they maintained their residence on the premises in suit. In March, 1932, respondents engaged in the restaurant business in Sheridan and moved much of their furniture there and lived in part of the building in which the restaurant was located. They remained in that business until about the first of July, 1932. During this time they made at least one payment on the contract. This would indicate that they had no intention of abandoning the contract. The restaurant business proving unprofitable, respondents

then moved near Sherwood where Mr. Montgomery engaged in the wood-cutting business. They testified that they made several visits to the premises, and gathered some fruit growing on the place while living near Sherwood. It is undisputed that they had most of the cultivated land under a crop rental to a Mr. Shalek.

Mrs. Montgomery testified that when she came to the premises in September, 1932, and found them occupied by a tenant of appellants', she, within a couple of days thereafter, got in touch with Mr. Heider, one of the appellants, and,

"I asked him what right he had to rent the place, and he says, 'Well, I have taken it'; and I says, 'You did not notify us' and I says, 'You haven't foreclosed have you?' and he says, 'Yes, I have foreclosed', and I says, 'You could not do that without letting me know, you haven't done it through court, we stopped in Mac (McMinnville) to see', and he says, 'I didn't have to, I just took it.'"

Mr. Heider strenuously denies having any such conversation and gives his version of what was said at that time.

No doubt what influenced the learned and experienced trial judge in arriving at the conclusion he did, was, that, in addition to this conflicting testimony, the fact that appellant had exercised acts of ownership over the premises inconsistent with the ownership of respondent. Appellants rented the buildings to Kilmer. They collected cash rent for three months in advance. Taking all the testimony and circumstances into consideration, we have no disposition to disturb the trial judge's findings. The decree will be affirmed. It is so ordered.

Rand, C. J., and Bailey and Belt, JJ., concur.