Argued March 12, affirmed May 14, 1958

# MACOMBER *v.* WAXBOM
325 P. 2d 253

*Wm. C. Ralston*, Portland, argued the cause for appellants. With him on the brief was W. K. Phillips, Portland.

*David M. Spiegel*, Portland, argued the cause for respondents. On the brief were Lenske, Spiegel & Spiegel, Portland.

Before PERRY, Chief Justice, and WARNER, McALLISTER and SLOAN, Justices.

McALLISTER, J.

This is a suit by the plaintiffs, as vendors, for strict foreclosure of a contract for the sale of real property in which the defendants, as purchasers, cross-complained for a rescission of the contract. From a decree in favor of the defendants, the plaintiffs appeal.

By a contract dated September 14, 1951, the plaintiffs, Ray B. and Isabel M. Macomber, agreed to sell to the defendants, Neil L. and Mary L. Waxbom, cer-

tain real property for a purchase price of $5,000, payable $500 down, $50 per month for 24 months and the balance in full at the end of said period. The defendants paid the monthly installments through August, 1953 but paid no part of the final payment of over $3,000 due September 15, 1953. On November 16, 1953, the attorney for plaintiffs notified the defendants by letter that they were in default and that unless the amount due was paid by November 27, 1953, appropriate legal action would be taken.

On January 27, 1954, the plaintiffs filed their complaint in the circuit court for Multnomah county praying that defendants be required to pay the balance of the purchase price within 30 days from the entry of a decree and if they failed so to do that they be foreclosed of their estate in the property.

All of the parties reside in or near Portland. The real property is situated on a lake in British Columbia, contains about six acres, has two cabins situated thereon and was used primarily as a hunting and fishing lodge. After the execution of the contract, the defendants took possession of the premises, vacationed there in 1952 and placed certain personal effects and equipment in the cabins.

In May or June, 1954, several months after the suit had been filed, the plaintiff, Ray Macomber, went to the property and found, according to his testimony, shutters loose, windows open and trash littered both in and around the cabins. He cleaned up the property, removed the defendants' padlocks, placed new padlocks on the cabins, returned to Portland, retained the keys but did not inform the defendants of what he had done. A little later defendants sent some prospective purchasers to look at the property who had no keys to open the new padlocks. From these prospective

purchasers defendants first learned of the action which had been taken by Macomber.

On March 31, 1955, the defendants filed an amended answer alleging in substance that after the filing of the complaint the plaintiffs had entered upon the real property and ousted defendants from the possession thereof. Defendants further alleged that such ouster constituted a breach of the contract and that "pursuant thereto defendants hereby rescind said contract." Defendants prayed for a decree rescinding the contract and granting defendants a judgment against plaintiffs for the amount paid on the contract, less the sum of $300 alleged to be the reasonable rental value of the property during the period defendants were in possession.

The court found in favor of defendants, dismissed plaintiff's complaint for strict foreclosure and entered a decree rescinding the contract and giving defendants a judgment against plaintiffs for the sum of $711.08, being the amount paid on the contract, $1,686.08, less the sum of $975 which the court found was the reasonable rental value of the property during the period defendants had possession.

■ Although the question has not been raised we doubt whether an Oregon court has jurisdiction to entertain a suit to foreclose a contract for the sale of real property in British Columbia. ORS 14.040. However, since the plaintiff's complaint for strict foreclosure has been dismissed and we think the decree based on the cross-complaint for rescission should be affirmed, we find it unnecessary to decide the question in this case. We are satisfied that an Oregon court has jurisdiction of a suit to rescind the contract in question since such a suit is in personam and transitory. *State v. District Court*, 94 Minn 370, 102 NW 869; *Loaiza v. Levy*, 85

Cal 11, 24 P 707; *Scow v. Banker's Fire Ins. Co.*, 109 Neb 241, 190 NW 858; 3 Black on Rescission and Cancellation 1575, § 656; 55 Am Jur 977, Vendor and Purchaser § 584; 92 CJS 739, Venue § 30.

■ Although the contract in this case did not in express terms give the defendants the right to possession, it contains other provisions requiring a construction that such was the intent of the parties. See *Walker v. Hewitt*, 109 Or 366, 379, 220 P 147. Plaintiffs mistakenly contend that the filing of the complaint for strict foreclosure immediately divested the purchasers of any interest in the premises or the payments previously made. It is well settled that when the purchaser is given possession under the contract, the bringing of a suit for strict foreclosure is an admission by the vendor that the purchaser is entitled to remain in possession until barred finally by the decree of the court. See *Grider v. Turnbow*, 162 Or 622, 646, 94 P2d 285. The bringing of a suit for strict foreclosure is an affirmance of the contract. See *Howard v. Jackson*, 213 Or 447, 324 P2d 757, and cases cited therein. When a suit for strict foreclosure is brought, the "rights of the parties incident to ownership and possession are not affected until the court has entered a decree." *City of Reedsport v. Hubbard et ux.*, 202 Or 370, 390, 274 P2d 248.

■ If a vendor wrongfully ousts the purchaser and takes possession of the property, the purchaser may bring an action of trespass for damages, *Quillen v. Schimpf*, 133 Or 581, 291 P 1009, or may elect to rescind the contract, *Montgomery v. Heider*, 147 Or 523, 34 P2d 657.

■ The plaintiff contends that a purchaser may not rescind while he is in default. This rule applies when the attempted rescission is based on a defect in the

vendor's title. *Ward v. James,* 84 Or 375, 383, 164 P 370 and *Thorp v. Rutherford,* 150 Or 157, 171, 43 P2d 907. But a purchaser in default may elect to rescind if the vendor by his conduct repudiates the contract. This is true when the vendor wrongfully ousts the purchasers of possession as in *Montgomery v. Heider,* supra, or when the vendor fails to give a required notice and prematurely declares a forfeiture as in *Johnson et al. v. Berns,* 111 Or 165, 209 P 94, 224 P 624, 225 P 727.

██ In this case the vendors by filing a suit for strict foreclosure waived their right to declare a forfeiture in accordance with the contract. See *Grider v. Turnbow,* supra, and *Zumstein v. Stockton et ux.,* 199 Or 633, 264 P2d 455. While that suit was pending vendors had no right to attempt a forfeiture by ousting purchasers of possession. If the vendor wrongfully attempts to declare a forfeiture the purchaser may treat such action as a repudiation of the contract by the vendor and elect to rescind. See *Epplett v. Empire Inv. Co., Inc.,* 99 Or 533, 542, 194 P 461, 700; *Johnson et al. v. Berns,* supra, *Holland v. Bradley,* 140 Or 258, 264, 12 P2d 1100; *Grider v. Turnbow,* supra, and *Zumstein v. Stockton et ux.,* supra.

The decree is affirmed.