## A. R. Hoeft et al., Plaintiffs in Error, v. George C. Vandehouten, Jr., Defendant in Error.

### Gen. No. 14,651.

VERDICTS—*when set aside and final judgment rendered.* Upon review of a judgment rendered in an action sounding in contract rendered in the Municipal Court in a trial before the court without a jury, the Appellate Court, upon reversing such judgment, will render such final judgment as is called for by the evidence.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. JUDSON F. GOING, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed and judgment here. Opinion filed December 7, 1909.

CHARLES DANIELS and SUMNER C. PALMER, for plaintiffs in error.

ERNEST G. KUSSWURM and EDWARD E. SHENNICK, for defendant in error; AARON HEIMS, of counsel.

MR. PRESIDING JUSTICE CHYTRAUS delivered the opinion of the court.

Plaintiffs, Hoeft & Moore, sued defendant for $61.98, claimed as an unpaid balance for work, labor and material in making dies and tools to be used in the manufacturing of an egg beater. Defendant presented a set-off of $203.54, being for money from time to time paid plaintiffs on account of the work, labor and material in the making of such dies and tools. The case was tried without a jury and judgment was rendered against plaintiffs for $203.54. Plaintiffs prosecute this writ of error.

Plaintiffs refused to complete and deliver the work they had on hand unless defendant paid the $63.

Plaintiffs' business is die-making and machine work. In the fore part of May, 1907, defendant arranged with plaintiff Hoeft to have plaintiffs make dies and tools for the manufacturing of the egg-beater. Hoeft testified defendant then asked how much it would cost

and for a "figure" and that he, Hoeft, replied he could not tell and would not make a definite price, but would charge for time and material, at the rate of seventy-five cents per hour for time. Defendant testified he asked Hoeft what he would charge and Hoeft replied he could not tell exactly but that it would not cost more than fifty or seventy-five dollars. Nothing appears to have been said as to when the work should be completed. Hoeft would not start the work until a deposit was made, and on May 24 a deposit of $15 was made by defendant. Plaintiffs started with the work on July 8, 1907. Thereafter, while the work was in progress, itemized bills were made to defendant from time to time during July and August and several payments were made by defendant during these months until he had paid, including the deposit of $15, an aggregate amount of $203.54. The aggregate amount for work, labor and material done and furnished appears to be $265.52, leaving an unpaid difference, according to plaintiffs' contention, of $61.98.

We see no justification in the evidence for defendant rescinding and refusing to pay for work and labor done and material furnished at his request. It is a matter of common knowledge that there is more or less difficulty in making dies and special tools for the manufacture of a new article. Here, the parties agree that there was no time specified when the dies and tools should be finished. They also agree that no price was agreed upon. Defendant was entitled to quit and pay up his bills at any time; but upon no possible theory was he entitled to rescind the contract and recover back money he had paid for work and labor done and material furnished. His statement that he was told the cost would not be more than $50 or $75 is contradicted, and in respect thereto the burden of proof rested upon him. Both witnesses are equally credible; hence defendant failed to establish this proposition by a preponderance. But were his version to be adopted he would be no better off for, the circum-

stances being all considered, the giving of the cost as here given was merely estimating, not entering into a contract in respect to a price. Furthermore, the transactions between the parties show defendant did not regard this estimate so given as a contract price, for he received itemized bills from time to time and early overpaid this estimate without complaint.

The judgment will be reversed and judgment will be rendered here in favor of plaintiffs for $61.98. The item of interest will not be allowed.

*Reversed and judgment here.*