(No. 35407.—

THE PEOPLE *ex rel.* Elbert S. Smith, Auditor of Public Accounts, Appellant, *vs.* FRED M. MERSINGER *et al.,* Appellees.

*Opinion filed January 22, 1960—Rehearing denied March 28, 1960.*

GRENVILLE BEARDSLEY, Attorney General, of Springfield, (C. ARTHUR NEBEL, First Assistant Attorney General, and MARK O. ROBERTS, and ROBERT B. OXTOBY, Special Assistant Attorneys General, of counsel,) for appellant.

WAGNER, CONNER, FERGUSON, BERTRAND & BAKER, of East St. Louis, (BERNARD H. BERTRAND, and JOHN M. FERGUSON, of counsel,) for appellees Fred M. Mersinger *et al.,* and ROBERT H. RICE, of East St. Louis, for appellee Edward A. Epping.

Mr. JUSTICE DAVIS delivered the opinion of the court:

The People of the State of Illinois *ex rel.* Elbert S. Smith as Auditor, plaintiff, appealed to this court from

an order entered in the circuit court of Sangamon County sustaining defendants' motion to dismiss plaintiff's amended complaint. Since the State is interested as a party, we have jurisdiction on direct appeal. Ill. Rev. Stat. 1957, chap. 110, par. 75.

The amended complaint alleged in substance that Edward A. Epping and Fred M. Mersinger were partners in the accounting firm of F. M. Mersinger and Company; that Epping was also an employee of the State of Illinois by virtue of his employment by Orville E. Hodge during his tenure as Auditor of Public Accounts; that while Epping was a State employee, the partnership performed accounting services for the State for which it received $467,201; that Epping, because of his status as a partner of the firm in question, was directly interested in this contract with the State; and that therefore the contract was subject to the "penalty of forfeiting" provision of the act hereafter quoted which required restitution to the State of the amount paid.

The motion to dismiss the amended complaint alleged that it was insufficient in law for the following and other reasons: (1) that the complaint was based upon a statute no longer in force or effect; (2) that the statute, as enacted, did not contemplate restitution as demanded in the complaint, and (3) that the statute relied upon was inapplicable to the contract or contracts involved. If we determine that any of the grounds mentioned in the motion is well taken, it will not be necessary to consider the others.

The complaint, filed December 31, 1957, was based upon section 12 of "An Act to revise the law in relation to State contracts," approved June 22, 1915. (Laws of 1915, p. 671.) In 1955 that section read: "No contract shall be let to any person holding any state office in this state or a seat in the General Assembly, or to any person employed in any of the offices of the state government, or the wife of a state officer, member of the General Assembly,

or employee as aforesaid, nor shall any state officer, member of the General Assembly, or wife of employee as aforesaid, become, directly or indirectly, interested in any such contract, under penalty of forfeiting such contract and being fined not exceeding one thousand dollars." Ill. Rev. Stat. 1955, chap. 127, par. 75.

In 1957 the legislature amended section 12. Among other changes made, the amendment omitted the "penalty of forfeiting" provision. (Ill. Rev. Stat. 1957, chap. 127, par. 75.) Though this action was filed after the effective date of the amendatory act, plaintiff concedes that recovery must be based upon section 12 as it stood in 1955, since the "penalty of forfeiting" provision was omitted from the section as amended in 1957 wherein the only penalty prescribed is a fine. Defendants also assert that the forfeiture provision of section 12 as it existed in 1955 does not constitute a basis for recovery of the funds paid for the accounting services performed by the Mersinger partnership. We agree, and hence will not pass on the other contentions raised by the defendants.

The complaint recognized that the defendants, pursuant to contract, had rendered accounting services to the State at an agreed fee and that they had been paid $467,201 for such services. This was a continuing contract which was fully executed with reference to the services performed and for which payment had been made. It could not be forfeited. The State was not entitled to rescind this contract in its totality and recover the money which it had already paid for accounting services previously performed. Cf. *Hoeft* v. *Vandehouten,* 152 Ill. App. 50.

Where a forfeiture is properly exercised it terminates an existing contract without restitution, while a rescission of such contract terminates it with restitution and restores the parties to their original status. *Horan* v. *Blowitz,* 13 Ill.2d 126; *Mourant* v. *The Pullman Trust and Savings Bank,* 314 Ill. App. 567; *Roblee* v. *Masonic Life Asso-*

*ciation of Western New York,* 77 N.Y.S. 1098, 38 M. 481 ; *Holland* v. *Bradley,* 140 Ore. 258, 12 P.2d 1100.

Thus the penalty of forfeiture clause of section 12 would not support the judgment herein sought. For this reason, the judgment of the circuit court of Sangamon County will be affirmed.

*Judgment affirmed.*