Argued November 18; affirmed December 22, 1931

## OLSON v. PIXLER ET UX.

(6 P. (2d) 23)

*Oren R. Richards,* of Portland (Richards & Richards, of Portland, on the brief), for appellant.

*John F. Cahalin,* of Portland, for respondents.

CAMPBELL, J. On August 24, 1925, defendant contracted in writing to buy a certain piece of real estate in Portland, Oregon, for the sum of four thousand dollars, of which sum three hundred was paid

down and the balance was to be paid at the rate of thirty-five dollars per month until the full sum should be paid, with interest on deferred payments at the rate of 6% per annum. Defendant further agreed to pay all taxes, assessments for sewers and street assessments, and to keep the building insured. Time was made the essence of the contract. The contract contained the usual forfeiture clause that in case of default of defendant, all sums paid should be forfeited and considered as rent. Defendant went into possession of the premises and fulfilled his part of the contract with the exception that he did not make his payments as promptly as called for in the contract. In August, 1927, he was two payments behind, but on August 24 he paid the interest that was due for those two months. This interest was accepted and he was advised by the agent, who had possession of the contract and did the collecting for plaintiff, that such payment would be satisfactory and that he could keep right on paying, which he did up to January 21, 1930, when plaintiff brought this suit for strict foreclosure, alleging that the defendant breached the contract by his failure to make said payments strictly on time, and alleging that plaintiff elected to declare the contract null and void and forfeiting payments theretofore made; and that the contract should be cancelled and have no further effect.

Defendant thereupon filed his answer, alleging that all payments had been made and accepted by plaintiff, who waived the strict performance of the contract so far as time being the essence thereof was concerned, and that plaintiff continued to accept payments after the date on which said payments were due, without protest. Defendant further alleged that, since plaintiff elected and declared said contract null and void and

of no further effect, such breach on the part of plaintiff justified defendant in also rescinding said contract and demanding that the sums of money paid by defendant should be decreed to be repaid to defendant, and declared to be a lien upon the real estate, and that said lien should be foreclosed and the property sold to satisfy the same.

Plaintiff filed his reply denying in effect, that he had waived any of the conditions of the contract; and alleging that the defendant had occupied said premises ever since August 24, 1925, as a home for himself and family and that the reasonable rental value of said occupancy was the sum of $43.53 per month; and if the court sees fit to cancel the contract, that said sum should be allowed to him as rental for the use of the premises.

Upon hearing, the court entered a decree dismissing the complaint and giving defendant a judgment for the sum he had paid on the contract, including taxes and insurance, less the sum of twenty dollars per month, which he found was a reasonable rental for the premises, during the time the defendant occupied the premises after the beginning of this suit, when defendant ceased his installment payments; allowed plaintiff nothing for rental of the premises from the date of its occupancy by defendant (August 24, 1925) up to that time; and decreed said sum a lien on the real estate and gave plaintiff ninety days after the entry of the decree in which to pay, and if he failed to pay, decreed that the property be sold as on execution to satisfy the decree.

Plaintiff appeals.

■■ There is no material dispute as to the amount paid, nor the dates on which the payments were made. This is a case, not unusual, where the parties entered

into a written contract and thereafter by their conduct nullified an essential provision of it. The defendant failed to live up to his part of the contract by not making the payments at the times specified, and the plaintiff abrogated the provision that time should be the essence of the contract by accepting said payments, and breached the contract by bringing the instant suit without due notice to the defendant of his intention to rehabilitate time as the essence of the contract: *Hawkins v. Rogers*, 91 Or. 483 (179 P. 563, 905) ; *Epplett v. Empire Investment Co.*, 99 Or. 533 (194 P. 461, 700) ; *Anderson v. Hurlbert et al.*, 109 Or. 284 at 296 (219 P. 1092) ; *Comstock Mfg. Co. v. Schiffman et al.*, 113 Or. 677 at 684 (234 P. 293).

The contract has been rescinded by the acts of the parties. They have appealed to the court to adjust their differences and it is the duty of the court to determine the rights of plaintiff and defendant on an equitable basis. That is, to restore as nearly as possible the status quo. The plaintiff has had the use of defendant's money. It is his duty to return the same with interest thereon at 6% per annum from the date of its receipt. At the time of filing the suit this would amount to, principal and interest on the deferred payments, $2,304.77. Defendant has also paid other items; taxes, city liens, and insurance premiums, amounting to $223.73, and on which he has not asked for interest. This makes a total of $2,528.50 paid by defendant to plaintiff up until the time this suit was commenced. The defendant has had possession and use of plaintiff's property from August 25, 1925, and it is his duty to return the same with a reasonable compensation for the use thereof. The evidence would indicate that for the first three years of its occupancy (from August 24, 1925, to August 24, 1928) twenty-five dollars per

month, and thereafter twenty dollars per month, would be a reasonable rent for defendant to pay. There was due plaintiff from defendant at the time the suit was filed the rent of the premises with interest, amounting to $1,438.20, leaving a balance due defendant of $1,090.30, which should bear interest at 6% per annum from date. From this amount should be deducted the amount of rental accumulated since the filing of the suit at the rate of twenty dollars per month, with interest, up until the entry of the mandate herein.

We are not unmindful of *Johnson v. Berns,* 111 Or. 165 (209 P. 94, 224 P. 624, 225 P. 727), a case where the matter of reasonable rental for the use of property bought on the installment plan, or breach of contract by vendor, was not presented directly in the pleadings as it is in the instant case. So far as it may be considered an authority that, in the absence of fraud or some other equitable grounds, when conditions of a contract for sale of real estate, with the vendee in possession, is broken by the vendor, the vendee is entitled to repayment of all the money paid without allowance for the reasonable rental value, it is overruled.

The amount found due as above should be impressed as a lien against the real property, and the plaintiff given ninety days, from the date of the entry of the mandate herein, in which to pay the same, and, if he fails to pay the same, the property may be sold as on execution to satisfy the amount.

The trial court allowed nothing for improvements and we adopt his finding in respect to that item.

With the foregoing modification, the decree of the lower court is affirmed. Neither party is to recover costs or disbursements in this court.

BEAN, C. J., BROWN and BELT, JJ., concur.