Argued March 7; reversed April 16; rehearing denied June 18, 1935

## KESSLER ET AL. *v.* KERR ET AL.

(43 P. (2d) 616)

*J. H. Kelley,* of Portland, for appellants.

*Allen H. McCurtain,* of Portland, for respondents.

CAMPBELL, C. J. On May 1, 1925, plaintiff entered into a contract with Elizabeth Kowaleski for the purchase of lots 13 and 14, block 3 in sub-division of Proebstel's Addition to Albina, situate in the corporate limits of the city of Portland, Multnomah county, Oregon, together with certain personal property, for the sum of $5,250. Of this sum $700 was paid at the date of the contract and the balance, $4,550, was to be paid in monthly installments of $50, until the amount due should be reduced to $2,500 or less, when the vendor should make the vendees a good and sufficient warranty deed conveying said realty free and clear of all encumbrances except any liens suffered or created by the vendees. The vendees thereupon should execute a mortgage to the vendor for the balance unpaid. The property covered by the contract was improved with five buildings—dwelling houses partially furnished. This furniture was covered by the contract.

Upon the execution of the contract of sale, the vendees went into possession of the property and have remained in possession ever since and have at all times collected the rents and revenues therefrom.

At the time the contract was executed the vendor was not the owner in fee simple of said property. An undivided one-half of the legal title was outstanding in the names of the heirs at law of William Kowaleski, the deceased husband of the vendor, subject to her dower rights therein.

On July 7, 1925, these heirs at law of William Kowaleski, that were of age, conveyed all their right, title and interest to the vendor. Two of the heirs of William Kowaleski were minors. A guardian was appointed for

them and through legal proceedings, which are not questioned herein, their interests were duly transferred to the vendees, plaintiffs herein, in part performance of said contract.

On February 23, 1927, Elizabeth Kowaleski died intestate leaving, as her sole heirs at law, a grandson, Michael Allen Stein, a minor, and the following children: Rose Kowaleski Kerr, Joseph Kowaleski, sometimes known as Joseph Williams, Annie Hryszko, Susie Songaylo, Marian Kowaleski, and Joanna Kowaleski, all of age.

On March 15, 1927, Rose Kowaleski Kerr, one of defendants herein, was appointed administratrix of the deceased's estate and entered upon her duties as such. On August 15, 1930, Rose Kowaleski Kerr made as an individual, and acknowledged as such administratrix, a deed conveying the real estate described in the contract to the vendees herein. This deed, together with a letter of instruction, was duly deposited in the United States National Bank of Portland. Thereafter, Rose Kowaleski Kerr filed her final account as such administratrix and the administration of said estate was closed and the administratrix discharged on or about December 10, 1930. The vendees continued payments to the said bank on said contract according to its terms, and on or about October 10, 1931, the balance due had been reduced below $2,500, and the vendees employed an attorney to secure the deed in accordance with the contract.

The representatives of the vendor furnished an abstract of title. It was then discovered that defendant Rose Kowaleski Kerr failed to take an order of the probate court directing her to make the deed which she had made and placed in escrow. Thereafter, said defendant Rose Kowaleski Kerr filed a petition in the

probate court asking said court to reopen said estate and for an order authorizing and directing her to make the deed in conformity with said contract and that said deed be delivered upon the vendees complying with the terms upon their part to be performed regarding the execution of the mortgage provided for therein.

On June 30, 1932, the probate court entered an order in accordance with said petition and designated the United States National Bank as a trustee to hold the mortgage that the vendees were required to make. Defendant Rose Kowaleski Kerr thereupon executed a deed in accordance with the order of the court and tendered it to plaintiffs, but plaintiffs refused to accept the said deed or execute a mortgage but attempted to declare a rescission of the said contract and demanded that defendants repay to them all the moneys they had paid on the contract and all moneys they had expended on said property with interest thereon from the date of payment or expending.

Upon defendant's refusal to comply with said request, plaintiffs instituted suit in which the foregoing facts appear.

Defendants, in their answer, and in open court, offered to correct any defects that might appear in the title that might reasonably affect plaintiffs in the enjoyment and ownership or transfer of said real property.

The cause came on for trial and the court made a decree in which it abated the sum to be paid to the extent of $411 by reason of the delay on the part of defendants in perfecting title. The court further decreed that the plaintiffs were the owners in fee simple of said property, free from all encumbrances, and directed plaintiffs to execute a mortgage to the United States

National Bank of Portland, as trustee for defendant, for the balance due. Plaintiffs appeal.

We do not deem it necessary to determine whether the probate court had jurisdiction to open up the final account in the estate of Elizabeth Kowaleski and enter an order authorizing Rose Kowaleski Kerr to make a deed in conformity with the contract.

On June 8, 1931, Joseph Kowaleski, one of the heirs at law of Elizabeth Kowaleski, died intestate leaving as his sole heirs, Josephine Williams, his widow, and two daughters, Josephine Williams (Kowaleski) and Alice Helen Williams (Kowaleski), both minors. These minors are made parties hereto by the plaintiffs, but it seems that neither plaintiffs nor defendants have made any effort to have guardians *ad litem* or general guardians appointed for them. There appears to be no trouble about the title of that part of the property covered by the contract that stands in the names of the adult defendants who are willing to make a conveyance.

The contention of plaintiffs is that these minors not being represented in court either by a guardian *ad litem* or a general guardian, any decree made would be ineffectual to transfer the interest of the minors.

The subject of the suit is within the jurisdiction of the court and all that is necessary to be done is to get jurisdiction of the parties to make a binding decree.

■ There is no merit in plaintiffs' contention that defendants rescinded the contract through their inability to perform its terms strictly on time. Time was not made the essence of the contract. Plaintiffs went into possession and collected the rents and profits and have remained in possession and still collect the rents and profits and make no offer to account for the same. They do not allege or show that they have suffered any damage by reason of the failure on the part of defendants

to make a marketable title at the particular time designated in the contract. The defendants have shown good faith in their attempt to perfect the title so that the same may be transferred to plaintiffs. They are willing, and have so offered in open court, to cure any defects and perfect title, and when title is perfected to tender a deed of conveyance together with an abstract showing marketable title. They claim, with some reason, that their inability to comply with the terms of the contract promptly was by reason of the many deaths in the parties, events over which they had no control, and which could not be foreseen at the time of the execution of the contract.

Plaintiffs were entitled under the contract to a "good and sufficient warranty deed conveying said property" to them, also to an abstract of title showing marketable title, within a reasonable time after the plaintiffs had complied with the conditions on their part to be performed, and demanded conveyance.

"Where time is not of the essence of the contract and is not made essential by an order to fulfill by the purchaser, and a request for a conveyance, the vendor is entitled to a reasonable time and opportunity to secure or perfect the title. In these circumstances an arbitrary and sudden determination of the transaction cannot be permitted immediately to end pending disputes and negotiations as to title. The vendor must allow a reasonable length of time in which to perform. An arbitrary notice of termination may be entirely disregarded.

"What is a reasonable time in which to perfect defects in the title depends upon the circumstances." Annotation to *Foster v. Elswick,* 176 Ark. 974 (4 S. W. 946, and *Larson v. Thomas,* 51 S. D. 564 (215 N. W. 927 in 57 A. L. R. 1253 to 1554 at 1519).

In the instant case plaintiffs had employed J. B. Ofner, Esq., an attorney of this court, to obtain and

examine title for them from the heirs of the vendor. He was furnished an abstract of title. Certain defects were discovered and the parties were proceeding to cure these defects in a manner that was satisfactory to said attorney. While negotiations were in progress plaintiffs employed present counsel and broke off further negotiations and brought this suit for rescission of the contract and recovery of the amount paid. This, of course, had the tendency to hinder and delay defendants in perfecting title.

There is no doubt that vendor had good right to convey all the title to the property that had not already been transferred to plaintiffs by sale of the minor heirs' interest in the estate of William Kowaleski, deceased.

■ A court of equity has jurisdiction to cause completion of the contract of the vendor. The contract bound and was for the benefit of "not only the immediate parties hereto but their respective personal representatives, successors and assigns as well".

■ So long as the parties to the contract were negotiating in good faith and making an honest effort to perfect and transfer a marketable title, equity should not declare a rescission. This is especially true when the vendees remain in possession. The subject matter of the contract passed from the vendor on the execution of the contract. All that remained was the naked title which was being held in trust for the vendees as soon as the vendees performed their part of the contract.

■ A court of equity could not enter a decree against minors unless such minors were represented either by a general guardian or a guardian *ad litem*: Oregon Code 1930, § 1-304, § 1-305.

"Nobody has ever yet defined the limits of equity and nobody ever will. It takes a case as a whole and,

having obtained jurisdiction in the first place, it proceeds to administer complete relief by whatever means that relief may be achieved, whether it be by requiring specific performance as a collateral matter, the payment of money, the execution of a deed, or any other matter." *Everson v. Haun,* 106 Or. 612 (213 P. 135).

■ It is our opinion that the circuit court has ample authority to appoint a trustee to be named as mortgagee in the mortgage to be executed by plaintiffs, and authorize said trustee to hold and collect the sum to become due on said mortgage, for the use and benefit of defendants as their respective rights may appear.

It is not difficult to distinguish between the instant suit and *Olson v. Pixler,* 138 Or. 250 (6 P. (2d) 23). That was a suit brought by the vendor who had waived the time essence clause in the contract and brought the suit without notice of his intentions to rehabilitate said clause, thereby himself breaching the contract.

*Johnson v. Berns,* 111 Or. 165 (224 P. 624), was a case based on the action of the vendor who breached the contract by bringing action in ejectment without notice of rehabilitation of the time essence clause.

The decree of the lower court will be reversed and the cause remanded with instructions to enter an interlocutory decree giving defendants a reasonable time, while acting expeditiously and promptly, in which to cure defects in and transfer a marketable title to the plaintiffs of both the real and personal property. In the meantime the amount which plaintiffs are to pay on the balance of the purchase price and to be evidenced by a mortgage on the premises, not to bear interest from October 10, 1931, until title is perfected and conveyance tendered.

It is so ordered.

BEAN, BAILEY and RAND, JJ., concur.