Argued October 14, affirmed October 30, 1952

# WIDMER ET UX. *v.* LEFFELMAN
249 P. 2d 476

*Francis F. Yunker,* of Portland, argued the cause and filed a brief for appellant.

*John D. Galey,* of Sweet Home, and *Francis E. Harrington,* of Portland, argued the cause for respondents and cross-appellants. On the brief were Galey & Galey, of Sweet Home, and Francis E. Harrington, of Portland.

Before BRAND, Chief Justice, and ROSSMAN, LUSK, LATOURETTE and TOOZE, Justices.

TOOZE, J.

This is the second appeal in this case. As disclosed by our former opinion, this is a suit for the rescission of a contract of sale and purchase of the KoZee Cafe, located at 5311 N. E. Sandy boulevard, in Portland, Oregon. *Widmer et ux. v. Leffelman,* 187 Or 476, 212 P2d 737.

The facts of the case are fully set forth in our opinion on the first appeal and will not be repeated here.

As disclosed at page 481 of 187 Or, the trial court, upon the first trial, in its decree canceled the written agreement of conditional sale by defendant to the plaintiffs of the appliances, furniture, and fixtures of the KoZee Cafe, effective as of December 7, 1946, and awarded plaintiffs judgment against defendant for $4,000, with interest thereon at 6 per cent per annum from December 7, 1946, until March 23, 1948 (that being the date of the decree), amounting to $310, less $1,217.50 for rental for the cafe from November 16, 1946, until March 23, 1948, at the rate of $75 per month, the net amount of such judgment being $3,092.50. From that decree the defendant appealed to this court.

We affirmed the trial court's finding of fraud and its decree of rescission. However, we were of the opinion that the profits realized by plaintiffs in their operation of the cafe after December 7, 1946, rather than the reasonable value of the use of the property, should be considered as the yardstick for measuring the amount of money to be credited to defendant against the said sum of $4,000, and we remanded the case for an accounting to determine the amount of such profits. In that connection, we said:

"In our opinion, after the date of the attempted rescission of the contract by plaintiffs, they op-

erated the restaurant for the benefit of the defendant and they should therefore account to him for all the profits which they made during the time they operated it subsequent to December 7, 1946. In determining the amount of such profits the plaintiffs should be entitled to reasonable compensation for their services, in addition to the necessary expenses incurred in operating the restaurant.''

The matter came on for hearing in the trial court on April 21, 1950, and on September 18 and 19, 1950. In addition to the sum of $4,000 paid by them on the purchase price, with interest, plaintiffs claimed they were entitled to recover from defendant the full amount of net loss sustained by them from their operation of the cafe from December 7, 1946, until it was closed on January 3, 1948, together with the sum of $350 per month as reasonable compensation for services performed in the operation of the business by Wilfred H. Widmer, and the further sum of $48 per week as reasonable compensation for the services of Mrs. Widmer. A decree was entered in favor of plaintiffs, awarding them judgment against defendant for the sum of $4,000, with interest at the rate of 6 per cent per annum from December 7, 1946, until paid, and the further sum of $52.10, with interest, as costs on the first trial. The court dismissed plaintiffs' second cause of suit. Defendant appeals, and plaintiffs cross-appeal.

The record of the second hearing discloses that plaintiffs made a full and complete accounting of the operation of the business between December 7, 1946, and the closing thereof on January 3, 1948. The books and records kept by them in connection with such operation lack much of perfection, but they were sufficient to disclose a net operating loss, rather than a profit, in the sum of $584.37. This does not take into

account a payment of $300 made by them after January 3, 1948, on account of rental of the premises, nor any compensation for plaintiffs' services.

The audit of plaintiffs' books and records was made by one C. W. Thomas, who testified in respect thereto. Before 1942, Thomas worked as a general clerk for an oil company in Texas. In June 1942, he entered the employ of a certified public accountant at Houston, Texas. In such employment, he prepared income tax returns, did junior and senior accounting, and auditing. On January 1, 1944, he opened his own office as an accountant, at Harlington, Texas, maintaining that office until September 15, 1949. At the time of the hearing he was in the employment of the Ponderosa Pine Lumber Company, at Elgin, Oregon, as a cost accountant.

From Thomas' audit, the net loss sustained by the plaintiffs in the sum of $584.37 (exclusive of the sum of $300 paid as rental after January 3, 1948, and compensation for plaintiffs' services) was determined. For several months prior to the date of the final hearing, defendant had all of plaintiffs' books and records in his possession for examination. He did not have them examined by a certified public accountant or other accountant, nor was any accountant called by him as a witness to testify on the hearing. The testimony of Thomas, therefore, stands uncontradicted.

There is no dispute in the testimony as to the reasonable value of the services performed by the respective plaintiffs in connection with the operation of the restaurant.

On the hearing, defendant offered evidence to establish the fact that in December, 1947, plaintiffs renewed the beer license for the KoZee Cafe for the year 1948, and that this license was surrendered to the

Oregon Liquor Control Commission by plaintiffs in April, 1948, a short time after the first trial of this case. Defendant also offered to show that a Mrs. Kirkham, who operated a restaurant known as Sandy Crest Restaurant, which was located across the street from the KoZee Cafe, had, upon several occasions prior to the spring of 1948, attempted to procure a beer license from the Liquor Control Commission. Her applications had been denied. Defendant further offered to prove that, after plaintiffs had surrendered the 1948 license, a license was then issued to Mrs. Kirkham. The policy established by the Oregon Liquor Control Commission did not permit more than one beer license to be issued for use in the vicinity of these two restaurants. Defendant urged upon the trial, and renews his contention in this court, that the surrender of this beer license by plaintiffs renders it impossible for plaintiffs to place defendant in statu quo, and, therefore, they are not entitled to a rescission.

■ The able and experienced trial judge rejected, as wholly incompetent and immaterial, all the testimony offered respecting the 1948 beer license, on the ground that the issue of rescission had been finally determined and adjudicated by our opinion on the first appeal. The testimony regarding the beer license was taken over the ruling of the court. This testimony was properly rejected by the court. The only matter before the trial court on the second hearing was that of an accounting to determine the profits of the operation of the business, if any.

■ In passing, we might say that defendant had the right to take back the property at any time after its tender by plaintiffs in December, 1946, and protect his own interests in a beer license, if he so desired. Plaintiffs were under no obligations whatever to defendant

to continue such license in 1948, after the cafe was closed.

██ The principles of law applicable to this case are fully stated in our former opinion. By reason of fraud on the part of defendant, plaintiff's had the right to rescind the contract of sale and purchase in December, 1946, as they did, but, upon such rescission, they were not required to continue the operation of the business for the benefit of defendant. Upon defendant's refusal at that time to accept the return of the property, plaintiffs could have abandoned it and brought their action to recover the consideration they had paid on the contract. On the other hand, they were not required to abandon the property in order to preserve their right of rescission. They had the right to continue the operation of the restaurant for the benefit of the defendant, taking such steps as were reasonably necessary to conserve the value of the business. But their duty in this respect was to operate for defendant's benefit, not to his detriment. They had no right to continue such operation at a loss and then charge defendant with the amount thereof. The reasonable value of plaintiffs' services, performed in connection with the operation, stood upon the same footing as other expenses incident to conducting the business, was a part thereof, and might properly have been paid out of the income of the venture. However, if the income fell short of being enough to pay all such expenses, it follows, of course, that a loss was inevitable. When it appeared to plaintiffs that the business could not be operated at a profit, they had a right to close it as a matter of self-protection. Therefore, continued operation at a loss was at plaintiffs' own risk.

What we said in our former opinion respecting the reasonable value of plaintiffs' services applied only

if, upon the accounting, it developed that there were profits from the operation of the business by plaintiffs, out of which such value could be paid, and credit for which would be allowed plaintiffs before defendant was credited with any part thereof against the original payment of $4,000 made on the purchase price by plaintiffs.

The limit of plaintiffs' recovery, under the facts of this case, is the sum of $4,000, with interest, the costs of the first trial, with interest, and the costs incurred upon the final hearing. In the absence of any profits in the conduct of such business by plaintiffs, defendant is entitled to no credit against said sums.

■ Some question is raised about the right of plaintiffs to recover interest. They were entitled to interest at the legal rate on the sum of $4,000 from December 7, 1946, until paid, and upon the sum of $52.10 from March 23, 1948, until paid. This is in accord with our holding on the first appeal, which holding became the law of the case. *Weiss and Hamilton v. Gumbert,* 191 Or 119, 227 P2d 812, 228 P2d 800.

The decree of the trial court is affirmed. Neither party to recover costs.