Argued February 7, reversed in part, and remanded
May 29, 1963

## JOHNSTON ET UX *v.* GILBERT ET UX
382 P. 2d 87

*Norman K. Winslow,* Salem, argued the cause and submitted briefs for appellants.

*Philip Hayter,* Dallas, argued the cause for respondents. On the brief were Hayter & Shetterly, Dallas.

Before MCALLISTER, Chief Justice, and ROSSMAN, SLOAN, GOODWIN and LUSK, Justices.

McALLISTER, C. J.

This case involves a land sale contract between the plaintiffs as vendors and the defendants as purchasers. The lower court decreed that the contract had been rescinded by action of the parties, and no appeal was taken from that part of the decree. Plaintiffs have appealed, however, from another part of the decree claiming that the court erred in failing to restore them to the status quo.

The only question involved is whether the lower court should have decreed restitution by offsetting the amount paid on the purchase price against the reasonable rental value of the property, and entering a judgment in favor of the parties to whom the difference, if any, was owing.

It appears that on February 1, 1956, the plaintiffs, as vendors, entered into an agreement to sell to the defendants, as purchasers, a residence in Polk county for the sum of $17,500, of which $500 was paid down and the balance was payable at the rate of $90 per month, including interest. The contract contained no acceleration clause.

■■ In July, 1960, defendants were in default in the payment of seven monthly instalments and certain water charges. The plaintiffs on July 14, 1960 filed in the circuit court for Polk county what the complaint designated as a suit in equity praying that the rights of the defendants in and to the real property be forfeited.[1] Defendants demurred to the complaint and then elected to treat the filing of the complaint as a wrongful repudiation by plaintiffs of the contract, and to effect a rescission of the contract by acquiescing in such repudiation.[2] Defendants, having already

[1] Equity "will never interpose to declare a forfeiture, that being a matter, if insisted upon, entirely for the law side of the court." Flanagan v. Great Cent. Land Co., 45 Or 335, 342, 77 P 485; Zumstein v. Stockton, 199 Or 633, 642, 264 P2d 455; Howard v. Jackson, 213 Or 447, 459, 324 P2d 757.

[2] "If the vendor wrongfully attempts to declare a forfeiture the purchaser may treat such action as a repudiation of the contract by the vendor and elect to rescind." Macomber v. Waxbom, 213 Or 412, 417, 325 P2d 253; Morrison v. Kandler, 215 Or 489, 499, 334 P2d 459, and cases there cited. Although in Morrison v. Kandler, supra, we referred to such a rescission as a "mutual" rescission, it is more properly described as a rescission by conduct of the parties.

surrendered possession, evidenced their election to rescind by tendering plaintifs a deed to the property.

Defendants' demurrer to the original complaint was sustained and plaintiffs then filed an amended complaint praying for strict foreclosure of the contract. A demurrer to that complaint was also sustained and plaintiffs filed a second amended complaint on the law side of the court demanding judgment for the unpaid instalments of the purchase price. To that complaint defendants filed an answer, including the equitable defense that the contract had been rescinded by the wrongful repudiation of the contract by plaintiffs and the acquiescence therein by the defendants. Instead of making a general offer of restitution the defendants complicated the problem by praying that all moneys which they had paid on the contract, and all improvements made to the property by them, be forfeited to the plaintiffs as liquidated damages and as rental for said premises. The plaintiffs filed a reply in which they alleged in effect that defendants should be estopped from claiming a rescission.

The trial court found that plaintiffs' attempt to declare a forfeiture constituted a wrongful repudiation of the contract, and that defendants' acquiescence in said repudiation had resulted in a rescission of the contract by action of the parties. As stated above, no appeal was taken from that portion of the decree declaring the contract rescinded.

■■ After decreeing that the contract had been rescinded by action of the parties, the trial court should have provided for the restoration of the status quo.[9]

---

[9] It is a firmly established general rule that restoration of the status quo is an essential element of rescission. Frink v. Thomas, 20 Or 265, 25 P 717; Howard v. Jackson, 213 Or 447, 459, 324 P2d 757, and earlier cases there cited; 3 Black, Rescission and Cancellation (2d ed) 1482, § 616; 12 Am Jur—Contracts 1031 § 451.

This should have been accomplished in this case by offsetting the amount paid on the purchase price against the reasonable rental value of the premises while in the possession of the defendants and by entering a judgment in favor of the parties to whom the difference, if any, was owing.[4]

■■ Instead of ordering restitution in accordance with well established principles, the trial court was apparently led into error by the allegations of defendants' answer, and entered a decree providing that all payments made by defendants pursuant to the contract "are hereby declared to have been forfeited by the defendants to the plaintiffs." In entering such a decree the lower court erred. Forfeiture and rescission are incompatible—they will not mix. The concomitant of rescission is restitution, not forfeiture. Where there has been, as here, rescission by conduct of the parties, a purchaser is entitled to restitution of the amount paid on the purchase price less the reasonable rental value of the premises while he has had possession.

■■ Although defendants have not appealed and may have waived their right to restiution, the plaintiffs have not waived their right to restoration of the status quo. Restitution is an integral part of rescission and defendants cannot have the benefits of rescission without assuming its responsibilities.[5] If the payments on the purchase price of the premises do not equal the rental value of the property, as may be possible in this case, plaintiffs are entitled to recover the differ-

---

[4] For the normal mode of effecting restitution when land sale contracts are rescinded see, Share v. Williams, 204 Or 664, 675, 277 P2d 775, 285 P2d 523; Olson v. Pixler, 138 Or 250, 253, 6 P2d 23.

[5] Mascall v. Erikson, 131 Or 509, 515, 283 P 2; 12 Am Jur—Contracts 1031, § 451; 3 Black, Rescission and Cancellation (2d ed) 1485, § 617.

ence. If on the other hand, the amount paid on the purchase price exceeds the rental value of the property, the defendants are entitled to a judgment for the difference.

That part of the decree providing for the forfeiture of the amounts paid by the defendants is reversed and the cause remanded with instructions to take such further testimony as the parties may offer on the issue of restitution, and to enter a supplemental decree not inconsistent herewith.

Neither plaintiffs nor defendants shall recover costs in this court.