Argued January 25, affirmed as modified June 11, 1979

LeTRACE, et ux, *Appellants,*

*v.*

ELMS, et al, *Respondents.*

(Equity No. 5726, Law No. 5749, CA No. 11095)

595 P2d 1281

Garry L. Reynolds, Hermiston, argued the cause for appellants. With him on the brief was Donald G. Morrison, Hermiston.

Dennis A. Hachler, Pendleton, argued the cause and filed the brief for defendants.

Before Schwab, Chief Judge, and Buttler and Joseph, Judges.

BUTTLER, J.

**BUTTLER, J.**

Plaintiffs appeal from a decree rescinding a land sale contract between them as sellers and defendants as buyers. Sellers sued buyers to recover on a promissory note representing part of the consideration for the transaction. In a separate suit, buyers sought rescission based on alleged misrepresentations concerning the water rights relating to the subject property. In a consolidated trial, the trial court declared the sale rescinded. The only issue on appeal is whether the decree of rescission restored the parties, as nearly as possible, to their situation prior to the transaction. *See Bodenhamer v. Patterson*, 278 Or 367, 376, 563 P2d 1212 (1977); *Johnston v. Gilbert*, 234 Or 350, 353 and n 3, 382 P2d 87 (1963).

The decree ordered sellers to return to buyers the following: (1) $72,300, the full purchase price paid for the real property; (2) $1,045.15, the closing costs incurred by buyers; (3) $11,025, the total amount paid by buyers to the Department of Veterans Affairs (VA) under the terms of a mortgage on the premises securing a loan of $64,400, taken by buyers to enable them to pay the full purchase price; (4) $900 for fire insurance premiums paid by buyers; and (5) $250 for repairs to the property. The total sum ordered to be returned by sellers, $85,520.15, was to be reduced by: (1) $8,125, the reasonable rental value of buyers' occupying the house conveyed with the land; (2) $240, the reasonable value of pasturing buyers' horses during the 25-month period they occupied the land; and (3) $600, the amount buyers received for allowing a third party to use the land as pasturage. The net amount payable by sellers ($76,555.15) pursuant to the decree bears interest from November 18, 1976, the date buyers filed their complaint.

On appeal, sellers contest (1) the amount to be returned as reimbursement for fire insurance premiums paid, (2) the amount calculated as the fair value for use of the pasturage by buyers' horses, and

(3) the award of the money buyers paid on their VA loan.

■ It is clear that the decree goes too far in at least one respect: buyers concede that it was error to require that sellers repay $100 more than buyers had expended for the fire insurance premiums. Accordingly, that amount will be reduced to $800. However, the value placed on buyers' use of the property for pasturage is supported by the record, and we see no reason to change it, although we review *de novo.* While there is evidence that the land could have been rented for more, the buyers were only chargeable to the extent of the benefit actually derived from the use of the land during their occupation. 3 H. Black, Rescission of Contracts and Cancellation of Written Instruments 1536, § 634 (2d ed 1929). One of the buyers, Mr. Elms, who is a real estate salesman, testified that the cost of pasturing an animal in the area was $10 per head per month and that he pastured two horses for a total of between 12 and 14 months while he occupied the property. We conclude that the $240 charge determined by the trial court for pasturing defendants' horses is reasonable.

The principal dispute is over the award of money representing all mortgage payments made by buyers on the VA loan. Sellers contend that the provision of the decree requiring them to reimburse buyers the full $11,025 constitutes a double recovery because buyers were also reimbursed the full purchase price. This contention may or may not be true, depending on how much, if any, of the mortgage payments went to reduce the principal amount on the VA note and mortgage. As innocent purchasers acting in reliance on a misrepresentation by sellers, buyers are entitled to recover the amount of all payments which satisfied real property taxes on the property (which benefit sellers) and interest expense on the loan. *See Bodenhamer v. Patterson, supra,* 278 Or at 377. On the other hand, to the extent that the payments reduced the principal balance owing under the VA mortgage, buyers would

be getting a double recovery, as sellers contend, which would exceed the restitutionary goal of rescission. *See* H. Black, *supra*, § 616.

■ Even if all payments made by buyers on the VA mortgage constituted interest, the trial court erred in requiring sellers to repay buyers the amounts they so paid. The decree requires sellers to pay interest on the amounts they are required to pay buyers from November 18, 1976, the date the rescission suit was filed. Accordingly, whatever interest buyers paid to the VA from November 18, 1976, will be compensated by the interest paid them by sellers on amounts payable under the decree, which amounts include the purchase price. Buyers are not entitled to be paid interest twice. While it is true that buyers should be entitled to the difference, if any, between the interest rate on the loan and the statutory rate, and also to whatever interest they paid the VA from the time the loan was closed in March, 1976, until November 18, 1976, when the decree required sellers to pay interest to buyers, this record does not permit us to determine those amounts.

■■ It is also true that buyers should be reimbursed by sellers the amount of real property taxes paid by them on the subject property. Again, however, all the record tells us is that buyers paid $441 per month under the VA mortgage without telling us how much of the payments were applied to principal and how much on interest and taxes. Buyers, therefore, failed in their proof with respect to interest paid the VA and real property taxes.

Accordingly, paragraph (2) of the decree shall be modified by eliminating the requirement that sellers pay buyers the sum of $11,025, and shall also be modified by reducing the $900 amount relating to fire insurance premiums to $800. The decree should provide that buyers shall reconvey the real property to sellers free of the VA mortgage and of all other liens

[565]

or encumbrances on the property suffered or permitted by them. In all other respects the decree is affirmed.

Affirmed as modified, and remanded for the entry of a modified decree consistent with this opinion.