Argued and submitted May 16,
affirmed as modified August 4, 1980

# DAUGHERTY,
*Respondent,*
*v.*
# YOUNG,
*Appellant.*

(No. 39248, CA 15732)

615 P2d 341

James M. Gillis, Newport, argued the cause for appellant. With him on the briefs was Litchfield, MacPherson, Carstens & Gillis, Newport.

Mark R. Malco, Newport, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

Defendant appeals from the decree rescinding a residential land sale contract between him as seller and plaintiff as buyer. The issue on appeal is whether the decree of rescission restored the parties, as nearly as possible, to their situation prior to the transaction. *See Bodenhamer v. Patterson,* 278 Or 367, 376, 563 P2d 1212 (1977); *LeTrace v. Elms,* 40 Or App 561, 563, 595 P2d 1281 (1979).

Buyer sued to rescind her contract for purchase of a home, alleging that seller knew that bees periodically swarm inside the dwelling but failed to disclose this fact. The parties stipulated: (1) that the contract be rescinded, (2) that seller return all monies to buyer including interest at 6% per annum from the date paid, and (3) that costs and disbursements be allowed to neither party. The sole issue tried to the court was the reasonable rent to be allowed to seller for buyer's use and occupation of the premises.[1]

The trial court awarded seller $200 monthly rent for the 18-month period ending December 15, 1978, and $250 thereafter until buyer surrendered possession.

The evidence regarding the monthly rental value of the property was: (1) $0. Testimony of buyer's expert that with the bee infestation the property would be unrentable. (2) $200. Letter of rescission from buyer's attorney to seller, stating that seller may retain reasonable rental value on rescission, which "I believe * * * would be calculated generously at $200 per month." (3) $400-550. Combined testimony of buyer's and seller's experts, assuming no bee infestation.

---

[1] Buyer contends that the parties' stipulation regarding the amount of principal and interest due her impliedly precludes an award of interest to seller, because no such interest was provided for by the parties. We do not construe the stipulation so expansively. The stipulation does control principal and interest to be paid to buyer, but it does not mention reasonable rental value or payment of interest thereon, and cannot reasonably be read to preclude an award of interest to seller any more than it can be read to preclude an award of the reasonable rental value of the premises. The question of interest on rental was argued in the trial court.

On appeal, seller contends that: (1) the court's determination of the reasonable rental value of the premises is too low, and (2) the court erred by failing to award him interest on the rental payments due him, computed from the date each payment theoretically was due.

On June 15, 1977, buyer took possession of the property, a three-bedroom house in the Cascade Head area overlooking the ocean and the Salmon River estuary. When buyer moved in the following day, an estimated 700 bees swarmed in the interior of the house. On one other occasion about a year later bees again swarmed by the hundreds inside the home. Buyer testified that although she was beset by swarming bees only twice, a few bees entered the house every day.

Approximately six months after moving in, buyer notified seller that she sought to rescind the contract. Seller offered at that time "to take care of the [bee] problem" for buyer by fumigating the house. Buyer declined this offer, explaining that both she and her mother, who lived with her at the time, were extremely sensitive to insecticide sprays because of respiratory problems.

Seller contends that his offer "to take care of the problem" included providing substitute lodging for buyer if necessary when the house was fumigated, but this aspect of the offer apparently was never communicated to buyer because, in seller's words, buyer immediately "took a negative attitute toward it [fumigation]." Buyer also refused to use cans of insecticide spray provided by seller, choosing instead to kill the bees by hand, using kleenex or gloves.

Seller argues that buyer's actions prevented him from curing the bee problem, and therefore that buyer should be required to pay full rental value of the premises as if it had not been infested with bees. However, buyer testified that seller told her he "didn't

seem to have any ideas one way or the other. He didn't think much about exterminators getting them out of there either. He was honest about it." In addition, seller testified that the house had been fumigated for bees approximately two years earlier, yet the bees obviously had returned. This evidence indicates that it is uncertain whether the problem could have been cured by fumigation, or if so, whether the cure would have been effective for an extended period of time.

Seller argues that the $200-250 rent awarded

"represents a clear attempt at a compromise which does not return the parties to the position they held prior to the rescinded contract. If Seller had not sold to Buyer, he would have been able to solve the bee problem and get at least $400.00 per month rent, as is acknowledged by the Buyer's expert."

■      Even assuming that seller could have solved the bee problem had he not sold to buyer, a proposition not supported by the evidence, the fact remains that he *did* sell. The goal of rescission is to return the parties *as nearly as possible* to the *status quo ante. LeTrace v. Elms, supra.* As between an innocent purchaser seeking rescission and a non-disclosing seller, equity tends to favor the innocent purchaser. *See Bodenhamer v. Patterson, supra* at 378.

■      On review, we conclude that the rental decreed by the trial court is reasonable, and adopt it. Buyer had the use of the premises, but the value of that use was substantially reduced by the bee infestation. Seller contends that buyer's refusal to allow him to fumigate constituted a failure to "do equity"; however, the trial court concluded that buyer's refusal was neither unreasonable nor a mere artifice, and we defer to the court's assessment of buyer's credibility in this matter.

Seller's second contention is that the court erred by not awarding him interest on the rental payments computed from the date each payment theoretically would have been due. Seller argues that

because buyer was awarded interest on all moneys from the date paid, that he, too, should be awarded interest. An alternate way of expressing seller's contention is that the monthly rental value should first be offset against the buyer's monthly contract payment. Interest would then be awarded on the net monthly difference, computed from the date the differential accrued.

Oregon authority is split regarding the time from which interest runs in restitution accompanying rescission. Although it is well established that in rescission of a land sale contract the seller may recover the reasonable rental value of the premises,[2] we have been able to find only one case discussing the question of prejudgment interest on such rental payments. *Olson v. Pixler et ux,* 138 Or 250, 254, 6 P2d 23 (1931). In *Olson,* the Supreme Court modified a decree rescinding a residential land sale contract to require the buyer to offset against his recovery from seller the reasonable rental value of the premises with interest from the date each rental payment would have been due.

That case would be dispositive here but for other cases dealing with the analogous question of whether the buyer is entitled to interest on the return of the payments he made to the seller. In deciding this issue, the Supreme Court has not been consistent: there are two distinct lines of cases reaching different results. One line of cases concludes that such awards of interest are controlled by ORS 82.010(1)(a), which provides that interest is payable on "[a]ll moneys after they become due." They hold that money is not due until it is demanded; hence, interest is generally held to run from the time the buyer demands rescission. *Melms v. Mitchell,* 266 Or 208, 221-22, 512 P2d 1336, 65 ALR3d 376 (1973); *Lanners v. Whitney,* 247 Or 223,

---

[2] *See, e.g., Farmer v. Groves,* 276 Or 563, 568, 555 P2d 1252 (1976). *Soltis v. Liles,* 275 Or 537, 544, 551 P2d 1297 (1976); *Williams v. Collins,* 42 Or App 481, 491, 600 P2d 1235 (1979).

237, 428 P2d 398 (1967); *Ruth et ux v. Hickman,* 214 Or 490, 499, 330 P2d 722 (1958); *Schuler et ux v. Humphrey et ux,* 198 Or 458, 496-97, 257 P2d 865 (1953); *Widmer et ux v. Leffelman,* 196 Or 401, 408, 249 P2d 476 (1952); *Weiss and Hamilton v. Gumbert,* 191 Or 119, 141-43, 227 P2d 812, 228 P2d 800 (1951).

A second line of cases awards interest to the rescinding buyer from the date each payment was made to the seller. Those cases mention neither ORS 82.010(1)(a) nor the need for demand of the funds to trigger a right to interest. *Johnston v. Gilbert,* 234 Or 350, 354, 382 P2d 87 (1963); *Share v. Williams et ux,* 204 Or 664, 675, 277 P2d 775, 285 P2d 523 (1955); *Swick v. Mueller et ux.,* 193 Or 668, 680, 238 P2d 717 (1952); *Olson v. Pixler, et ux, supra.*

■ ■ Given these conflicting lines of authority, we consider that we may take our choice. In making that choice, we give emphasis to the idea that the purpose of rescission is to unwind the transaction and to put the parties in the same position they would have been in if the transaction had not been entered into — so far as possible. When rescission is granted, the parties go back to the time of entering into the transaction, not to the time a demand for rescission was made. Here, the buyer would not have made the purchase payments if she had not contracted to buy the property, and would have earned interest on the purchase money. She should, therefore, be awarded interest on each payment from the date it was made. However, she lived in the house for almost two years, and if she had not been purchasing the property she would have paid a reasonable rental. Accordingly, she would not have earned interest on rental payments, but only on the amounts by which the purchase payments exceeded the rental. The seller, on the other hand, would have earned interest on the rental payments as received.

We conclude that plaintiff is entitled to interest on the difference between the contract payments and the reasonable rental value from the date each payment was made.

The decree is modified accordingly.

Affirmed as modified.