Argued and submitted March 19, 1986, reversed and remanded as to damages, otherwise affirmed November 25, 1987

# BILLINGS,
*Respondent,*

*v.*

# GARDNER,
dba Hill Farm Supply and Hidden Hollow Farm,
*Appellant.*

## (16847; CA A35676)

745 P2d 792

James M. Habberstad and Dick & Dick, The Dalles, filed the brief for appellant.

Ronald M. Somers, The Dalles, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Deits, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff brought this action to recover the down payment that he made under an oral contract for the purchase of defendant's business. Plaintiff contended that the parties "mutually rescinded" the contract. Defendant counterclaimed, contending that the parties had not terminated the contract and seeking, *inter alia,* the unpaid balance of the purchase price. The trial court found for plaintiff and awarded him damages in the amount of the down payment. Defendant appeals.[1]

The arrangement between the parties was never reduced to writing and was loosely defined at best. Plaintiff tendered the $15,000 down payment, and defendant transferred certain equipment and other business-related materials to him. Plaintiff was involved in the business for a short time. He then apprised defendant, among other things, that, because of personal financial problems and concerns about the business, he would not pay the outstanding balance on the purchase price or tender the other consideration for which the contract called. Defendant responded, *inter alia,* "If you are not going to pay me, bring my stuff back. I'm sure as hell not going to give it to you." Plaintiff returned the "stuff" and asked for the return of the down payment. Defendant told plaintiff to get a lawyer. The parties disagree about whether they orally agreed to terminate the contract and, if so, whether defendant is obligated to return the down payment.

The trial court found that "there was a mutual rescission of the agreement," that the "parties both * * *, in effect, [said] 'Okay, the stuff is back; the deal's off' " and that "everybody acquiesced in that." The legal conclusion that follows from the court's findings is that there was an "agreement of rescission" by which the parties discharged their obligations under the original contract. *See Helmer v. Transamerica Title Ins. Co.,* 279 Or 457, 463, 569 P2d 10 (1977); *McGrath v. Electrical Const. Co.,* 230 Or 295, 305, 364 P2d 604, 370 P2d 231 (1961); Restatement (Second) Contracts, § 283, and *comment a.*

■■ Defendant's first assignment challenges the court's

---

[1] The appeal was abated pursuant to ORAP 12.35 from March, 1986, to September, 1987.

finding of mutual rescission and the award of damages to plaintiff. It is not wholly clear whether his argument concerning the finding is that the evidence does not support it or that we should reverse it on *de novo* review. If the first alternative is defendant's point, we disagree. There was evidence to support the finding. If the second is the point, the answer is that our review is not *de novo*. Although the parties and, apparently, the trial court treated this as a rescission case, it is not; it is an action by plaintiff on a contract (the agreement to rescind) and a counterclaim by defendant on a different contract (the original purchase agreement). We are bound by the trial court's finding that the parties "mutually rescinded" the original contract.

■ ■    Defendant also argues, under his first assignment, that the court erred by ordering the return of the $15,000. The trial court based the award of damages on *Johnston v. Gilbert,* 234 Or 350, 382 P2d 87 (1963), and quoted the principle from that decision that the "concomitant of rescission is restitution." 234 Or at 354. The problem with that conclusion is the same as the problem with defendant's argument challenging the finding that the parties agreed to rescind the contract: This is a contract action, not a rescission proceeding. If plaintiff is entitled to the return of his down payment, the source of that entitlement is the agreement to rescind rather than the equitable remedy of restitution. Whether the parties agreed that the down payment would be returned is a question of fact, *see* Restatement (Second) Contracts, § 283(2), and the trial judge made no finding on that question.

Plaintiff attempts to avoid that conclusion by arguing that the trial court did not find that there was an agreement to rescind, but found instead that the original contract was never consumated or that there was a "unilateral election by defendant to rescind the transaction." The court's statements quoted above are plainly contrary to plaintiff's argument. The award of damages is not supportable on the trial court's and plaintiff's restitution theory, and a remand is necessary for the court to make a finding as to whether the parties agreed that defendant would return the down payment.

Defendant's second assignment is that the court erred by not awarding him the unpaid balance of the purchase price under the original contract. In the light of the finding

that that contract was mutually rescinded, he is not entitled to the purchase price.

Reversed and remanded for further proceedings not inconsistent with this opinion on the issue of plaintiff's damages; otherwise affirmed.