Argued and submitted November 9, 1998, affirmed October 27, 1999, petition for review denied January 25, 2000 (329 Or 607)

Sang Jun LEE
and Mok Rae Lee,
husband and wife,
*Respondents,*

*v.*

Chan Sik YANG
and Sung Ae Yang,
husband and wife,
*Appellants.*

(C950332CV; CA A99475)

987 P2d 519

Thomas P. Walsh argued the cause and filed the briefs for appellants.

Paul R. J. Connolly argued the cause for respondents. With him on the brief was Connolly & Doyle, P.C.

Before De Muñiz, Presiding Judge, and Haselton and Linder, Judges.

LINDER, J.

## LINDER, J.

This is an appeal from a trial court judgment granting rescission of a contract for the purchase of a dry-cleaning business. Defendants assign error to the trial court's findings of fraud and breach of contract, to the grant of rescission, and to various aspects of the restitution award. We write only to address whether defendants are entitled to additional offsets and whether plaintiffs are entitled to prejudgment interest. We review the facts *de novo*, the trial court's legal conclusions for errors of law, and the procedural rulings for abuse of discretion. ORS 19.415(3); *Trabosh v. Washington County*, 140 Or App 159, 163 n 6, 915 P2d 1011 (1996); *Hoag and Hoag*, 122 Or App 230, 233, 857 P2d 208 (1993). We conclude that the trial court did not err. Accordingly, we affirm.

Plaintiffs entered into a contract with defendants to purchase a dry-cleaning business and agreed to lease the premises on which the business was operated. In the contract for the sale of the business, the parties agreed that plaintiffs would make a down payment of $95,000 and monthly payments of $1,609. Plaintiffs were also to make monthly payments of $1,800 on the lease of the premises. Under the terms of the contract, defendants warranted that the premises were free from environmental contamination. After environmental tests revealed contamination, plaintiffs brought this action, seeking rescission of the contract and, alternatively, damages for breach of contract. The trial court found that defendants falsely represented that they were not aware of any contamination to the premises and that plaintiffs were induced to enter into the contract by those fraudulent representations. The court also found that defendants materially breached the contract. The trial court ordered rescission of the contract and awarded plaintiffs a money judgment that included restitution for all payments plaintiffs had made under the contract, offset by the fair rental value of the premises. The trial court also awarded prejudgment interest, restitution for improvements, and a prevailing party award.[1]

---

[1] The award included $95,000 for the down payment, $1,800 per month for rents paid, $1,609 per month for payments made on the sale of the business, and $6,000 for the value of improvements, all with prejudgment interest. That amount was offset by the reasonable rental value of the premises, which the trial court

Defendants argue on appeal that they were entitled to additional offsets for the rental value of the business and plaintiffs' profits. Defendants also argue that, because they were not awarded those offsets, plaintiffs were allowed to keep those "benefits" of the bargain and that plaintiffs therefore are not entitled to prejudgment interest.

■ ■    In awarding rescission, the goal is to "unwind the transaction" and to put the parties in the position in which they would have been had they not entered into the transaction. *Daugherty v. Young*, 47 Or App 585, 591, 615 P2d 341 (1980). The method of measuring the restitution amount depends on the circumstances of each case. In a contract for the sale of property, the seller must return all of the buyer's purchase payments. If, however, the buyer used the property for his or her own benefit, then the seller generally is entitled to an offset for reasonable rent. *Id.* If, on the other hand, the buyer enters the property for the purposes of protecting and preserving the property for the benefit of the seller, then the buyer's award is offset by the profits obtained on the seller's behalf. *Schuler et ux. v. Humphrey et ux.*, 198 Or 458, 494-97, 257 P2d 865 (1953). In all events, the buyer is chargeable only to the extent of the benefit actually derived from the use of the land during occupation. If the amount of the purchase payments exceeds the offset, then the buyer is entitled to interest on the difference, calculated from the date each payment is made. *Daugherty,* 47 Or App at 591-92. Thus, the amount of the offset ultimately affects the availability and amount of prejudgment interest to which plaintiffs are entitled.

■ ■    In the award here, the trial court applied an offset of $1,800 per month "for the reasonable rental value of the premises." It is not clear from the trial court's award whether the trial court intended that amount to include compensation for both the rental value of the business and the rental value of the premises. At trial, however, plaintiffs' expert witness testified that the fair rental value of the business and the premises combined would be "in the neighborhood of [$]15 to

calculated at $1,800 per month, also with prejudgment interest. The trial court ultimately awarded "$185,994.95, plus $5,000 as a prevailing party fee, for a total money judgment of $190,994.95."

$1600 a month" and that he "would not feel comfortable paying over $1800 maximum per month." The expert witness based those figures on the condition of the equipment and the premises and on the gross annual sales of the business. Defendants do not point to any other evidence in the record as to the rental value of the business.[2] On *de novo* review, we find the fair rental value of *both* the business and the premises to be $1,800 based on plaintiffs' expert witness's testimony.

■        Citing *Schuler,* defendants also assign error to the trial court's refusal to allow an offset for plaintiffs' profits. We reject that assignment for two related reasons. First, neither *Schuler* nor *Daugherty* authorizes offsets for both rental value and profits. *Compare Schuler,* 198 Or at 494-97 (profits) *with Daugherty,* 47 Or App at 591-92 (rental value). The remedies described in each of those cases are *alternative* methods of returning the parties to the *status quo ante.* Defendants did not argue below that plaintiffs' award should be offset by plaintiffs' profits in lieu of the offset for rental value. Nor do they suggest that remedy on appeal. As noted above, plaintiffs' expert considered gross sales in determining the fair rental value of the premises and the business. Thus, any additional offset for profits would be duplicative. Defendants are not entitled to what would amount to a double offset. Given the way defendants have framed their contentions, the trial court did not err.

■■        Moreover, even if the offset should have included profits, defendants cannot complain because they did not present any evidence of profits below. Defendants first raised the issue in their objections to the trial court's award, at which time the trial court noted defendants' failure to present any evidence from which the trial court could have awarded an offset for profits. The trial court also advised defendants that it did not intend to take any additional evidence. Defendants acknowledge that much but argue that we should remand the case to the trial court to take evidence on

---

[2] Defendants argue that, because plaintiffs had been making payments of $1,609 toward the *purchase* of the business, the trial court should offset plaintiffs' award by that amount. We disagree. The amount of monthly payment on the *purchase* of the business is not evidence of its reasonable rental value.

the issue. *See Schuler*, 198 Or at 497 (remanding to the trial court to conduct a hearing for the purpose of determining profits). We decline to do so in this case. The trial court's refusal to reopen a case to allow additional evidence is reviewed for abuse of discretion. *Gearhart v. Goehner*, 74 Or App 95, 104, 701 P2d 461, *rev den* 300 Or 332 (1985). We find none here, where plaintiffs presented evidence to support their theory of how the offset should be calculated and defendants had a full opportunity to do the same. On *de novo* review, we find that the offset adequately reimbursed defendants for any benefits plaintiffs received from their use of the property. Accordingly, plaintiffs are entitled to prejudgment interest. *See Daugherty,* 47 Or App at 591-92.

■■ Defendants further argue that, if plaintiffs are entitled to any prejudgment interest, then it should run from the date of the notice of rescission rather than from the date that each payment was made. In *Daugherty*, we adhered to a line of cases awarding interest from the date each payment is made and declined to follow the line of cases that calculated interest in the manner suggested by defendants. *Id.* at 591. In so doing, we emphasized that the goal of rescission is to take the parties "back to the time of entering into the transaction, not to the time a demand for rescission was made." *Id.* That principle applies here. If plaintiffs had not entered into the contract, then they would not have made any payments to defendants and instead would have been earning interest on that money. Plaintiffs are therefore entitled to interest on that amount. On the other hand, because plaintiffs retained possession and use of the business and premises, they must reimburse defendants for the value received, which they have done in the form of the rental value offset. Plaintiffs are not entitled to interest on that portion. Plaintiffs are, however, entitled to interest on the difference between the payments made to defendants and the offset, calculated from the date each payment was made. The trial court did not err in that regard.

Affirmed.